This is an appeal from a judgment of conviction of robbery and a sentence to imprisonment for fifty years.
There was undisputed evidence that about 3:15 A.M. on January 25, 1979, the defendant robbed the night auditor of Ramada Inn in Tuscaloosa of approximately $3200 by threatening her with a pistol, tying her hands behind her back and her ankles together. No evidence was offered by defendant on the trial.
The first of the only two issues raised by appellant is thus stated in his brief:
 "Whether the defendant was entitled to a dismissal of the case against him based on his motion for speedy trial filed under the provisions of Sections 15-9-82
et seq., Code of Alabama (1975, as amended), and the failure of the State to try the case within ninety days of the date of the filing of the notice."
We are not enlightened by the parties as to their respective views as to any direct or analagous application of the cited sections of the Code to the instant case, in which defendant at the time of the indictment against him was confined in the Marengo County Jail on an unrelated charge and continued to be in custody of prison authorities of Alabama until the instant case was tried; the sections of the Code cited by appellant are part of a codification of the Alabama Uniform Mandatory Disposition of Detainers Act (Acts 1978, No. 590, p. 693). Said Act, as its name implies and its contents show, relates exclusively to problems pertaining to interstate extradition. *Page 210 
Without any comment from either party as to the relevancy of the cited statutory law, we refrain from any further discussion of it. As to whether defendant was denied his right to a speedy trial, we accept the following "ORDER" of the trial court:
". . . .
 "1. Defendant was indicted herein on October 26, 1979, on a charge of Robbery.
 "2. On October 25, 1979, Defendant prepared a `Request to Proceed in Forma Pauperis' and `Motion for Fair Speedy Trial [sic],' which was mailed by First Class Mail to the District Court of Tuscaloosa County, Alabama, from the Marengo County Jail on or about November 1, 1979, and filed in the Circuit Clerk's office on November 6, 1979.
 "3. On November 5, 1979, the Sheriff of Tuscaloosa County, Alabama, was ordered by this Court to transport the Defendant from the Blount County Jail to the Tuscaloosa County Jail for his arraignment herein scheduled for November 14, 1979.
 "4. Defendant was arraigned on November 14, 1979, in the Circuit Court of Tuscaloosa County, Alabama. There is no evidence that the Motion for Speedy Trial was called to the attention of the Judge presiding at the arraignment.
 "5. This case was called for trial on the dockets of December 11, 1979, and January 29, 1980, and was announced `for settlement' on both occasions.
 "6. Defense counsel stipulates that he had no knowledge of the Motion for Speedy Trial prior to a few days prior to this hearing, and no evidence appears that the Motion for Speedy Trial was called to the attention of the District Attorney's Office prior to Defense Counsel calling said Motion to the attention of the District Attorney other than Defendant's representation and testimony that he mailed a copy to that office by Registered or Certified Mail. No receipt was produced, and Defense Counsel informs the Court that he has made a diligent effort to obtain such a receipt and has found none.
 "Thereupon this Court finds that this case was called for trial at the earliest opportunity after Defense Counsel informed the District Attorney of the Motion for Speedy Trial. The Court further finds that the Defendant has not complied with the requirements of §§ 15-9-82, et seq., Code of Alabama (1975, as amended). The Court further finds no violation of the Defendant's right, statutory or constitutional, to a speedy trial."
The trial court was not in error in not granting defendant's motion for a "dismissal of the case against him based on his motion for a speedy trial."
The other issue raised by appellant is stated in his brief as follows:
 "Whether the trial court should have ordered a new trial based on testimony that the prosecuting witness was shown only pictures of the defendant, from which photographs she identified him."
We do not find in the record or in the transcript of the proceedings any motion for a new trial. In the absence of such a motion "filed within 30 days from entry of judgment" as required by Code of Alabama 1975, § 15-17-5, no action or inaction of the trial court is before us for review. However, we should mention that the "prosecuting witness" made a definite in-court identification of defendant.
Our review of the record convinces us that there is no error therein prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur. *Page 211