This is an appeal from a judgment convicting the defendant of theft in the second degree and sentencing him to imprisonment for ten years. The trial was without a jury and, according to the judgment entry, consisted of a "hearing on stipulation of facts as to the testimony of the State's witnesses," which stipulation was to the effect that if the witnesses were to appear there would be sufficient evidence to present a prima facie case of defendant's guilt. No point is raised as to the sufficiency of the stipulation.
Appellant's only insistence on a reversal is that the court erred in overruling defendant's motion to the effect that the case be dismissed and defendant discharged therein by reason of the failure of the State to bring the defendant to trial within 90 days after receipt of a written request of defendant for a "final disposition of any untried indictment . . . pending against him in this State," as set forth in Code of Alabama 1975, § 15-9-82 (1981 Cum.Supp.). Appellant argues that a dismissal of the instant case is mandated by Code § 15-9-84
(1981 Cum.Supp.), which provides in pertinent part:
 "Within 90 days after the receipt of the request and certificate by the court and district attorney or within such additional time as the court for good cause shown in open court may grant, the prisoner or his counsel being present, the indictment, information or complaint shall be brought to trial. . . . If, after such a request, the indictment, information or complaint is not brought to trial within that period, no court of this State shall any longer have jurisdiction thereof, nor shall the untried indictment, information or complaint be of any further force or effect, and the court shall dismiss it with prejudice."
Appellant's contention constitutes an effort on his part to require compliance with Code §§ 15-9-82 and 15-9-84, Code of Ala. 1975 (1981 Cum.Supp.), even though no other section nor any part of Chapter 9 of the Code of Alabama of 1975 is applicable to the facts in the instant case. The chapter deals with the overall subject of Fugitives From Justice. The sections of the Code relied upon by appellant constitute a *Page 781 
codification of Acts 1978, No. 590, §§ 3 and 5, Acts 1978, No. 590, is the Uniform Mandatory Disposition of Detainers Act, and it relates exclusively to problems pertaining to interstate extradition. The sections of the Code relied upon are utterly irrelevant to a prisoner in Alabama unless a territory or a state of the United States other than Alabama has lodged in Alabama a detainer against the prisoner. There is nothing in the record proper or the transcript to the effect that defendant has been charged with a crime in any other jurisdiction or that a detainer from any other jurisdiction had been lodged against him. The inapplicability of the statutory law relied upon by appellant is explained in McAlpin v. State, Ala.Cr.App., 397 So.2d 209, 210 (1981), cert. denied,397 So.2d 211.
In his brief, appellant says: "Appellant asserts the Detainer Act provisions apply to any intra state incarcerated person who is in lawful custody." The quoted statement seems to constitute the crux of appellant's brief. He seems to argue that the rationale of the limitation of ninety days within which to dispose of a criminal charge against a prisoner after his request for a trial as set forth in the Uniform mandatory Disposition of Detainers Act is applicable even though none of the language of the Act is applicable. It should be readily seen that the Act involves important factors in addition to that of whether a prisoner is afforded a speedy trial. It is based upon "an agreement on detainers . . . entered into by the state of Alabama with any and all jurisdictions legally joining therein" for the purpose of promoting harmony, as well as justice, among two or more states or territories of the United States that have a legitimate interest in the presence of a prisoner in a criminal case for the purpose of trying him or for the purpose of enforcing a sentence that has been imposed upon him.
The trial court was correct in denying defendant's motion for a dismissal of the case and a discharge of the defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.