Attempting to obtain possession of a controlled substance (Talwin) by use of a forged prescription; sentence: twenty-five years' imprisonment and $25,000 fine.
Appellant was convicted under § 20-2-70 (a), Code of Alabama 1975, for the December 5, 1981, attempt to possess Talwin by use of a forged prescription. He had previously been convicted of violating the above statute and, thus, was sentenced under §20-2-76, Code of Alabama 1975.
On December 3, 1981, Dr. E.C. Brock examined appellant at his office in Tuscaloosa and prescribed for him twelve fifty-milligram tablets of Talwin to relieve the pain of a back sprain. He also wrote a prescription for a back brace. Brock had not seen appellant as a patient since that date and had not written any other prescriptions for him. Brock identified a prescription form used by his office for writing prescriptions. Although his name appeared on the prescription, Brock testified that it was not his signature. He stated that he did not write the prescription, which was for twenty fifty-milligram Talwin tablets. It was refillable once. Brock stated that he usually prescribed twelve or twenty-four Talwin tablets per prescription. He noted that a patient would have access to the prescription form pads if one was inadvertently left in an examination room. He also stated that it was possible for two prescription forms to stick together and one be unknowingly removed from the pad.
John Gunnels, a pharmacist at Harco Drugs in Northport, testified that between 8:00 and 8:15 p.m. on December 5, 1981, appellant entered the drugstore and presented the prescription for his back brace. The drugstore did not carry the item and Gunnels returned the prescription to appellant. Gunnels then left to use the restroom and upon returning was told by the cashier that he had a prescription to fill. The prescription was for twenty Talwin tablets, which Gunnels stated was a controlled substance. Gunnels asked the cashier who had presented the prescription. The cashier told him that appellant, who was sitting in a nearby chair, had presented it. During this period of time, there were no other customers in the store. Gunnels noticed that the dosage directions were unintelligible and that although Brock's name was signed on the prescription, he recognized that it was not his signature. The quantity also appeared to have been altered. *Page 1348 
Gunnels called the police. Upon their arrival, Gunnels then called the county narcotics unit. Appellant was placed in the police car until the narcotics agent arrived.
Tuscaloosa County Sheriff's Narcotics Unit investigator Harry Montgomery testified that he responded to Gunnels' call on December 5, 1981. Upon arriving he recognized appellant, who was being held in the patrol car by Northport police officer Lewis Brown. Montgomery talked to Gunnels and received from him the forged prescription appellant had earlier presented. Shortly thereafter, Montgomery removed appellant from the patrol car, explained the situation to him, and advised him of his Miranda rights. He then transported appellant to the county jail.
Tuscaloosa County Circuit Court Clerk Doris Turner testified that she was custodian of the records of the Tuscaloosa County Circuit Court. She identified a certified copy of a judgment entry reflecting a misdemeanor possession of marihuana conviction against appellant on June 5, 1980, as being under her custody and control. The exhibit was admitted into evidence without objection.
Investigator Montgomery was recalled as a witness and testified that he was familiar with the facts of appellant's prior conviction. He identified appellant as the one to which the previous admitted judgment entry pertained. Montgomery's testimony concluded presentation of the State's case.
 I
Appellant contends that the trial court erred in denying his motion to quash the indictment based specifically upon the ground that he was denied a speedy trial under the provisions of § 15-9-80, et seq., Code of Alabama 1975.
This issue has been answered adversely to appellant by this court in Morning v. State, 416 So.2d 780 (Ala.Cr.App. 1982), and McAlpin v. State, 397 So.2d 209 (Ala.Cr.App.), cert.denied, 397 So.2d 211 (Ala. 1981). See generally Seymore v.State, 429 So.2d 1188 (Ala.Cr.App. 1983); Cheatham v. State,431 So.2d 1350 (Ala.Cr.App. 1983).
 II
Appellant argues that the trial court erred in admitting evidence of his prior conviction. Appellant was indicted for violating § 20-2-70 (a), supra, and sentenced under the enhanced punishment section. § 20-2-76, supra. Appellant filed no demurrer to the indictment before or within the time granted by the trial court after his arraignment and plea thereto. Consequently, there is nothing preserved for our review. Kiddv. State, 398 So.2d 349 (Ala.Cr.App.), cert. denied,398 So.2d 353 (Ala. 1981).
Nevertheless, no error was committed in alleging the prior conviction and admitting proof thereof at trial. In Luker v.State, 424 So.2d 662 (Ala.Cr.App. 1982), this court reviewed its previous decisions on the above issue and held "that the prior offense may be alleged in the indictment, in which event it must be proved at trial, but the allegation of the prior offense in the indictment is not mandatory." Id. at 664. See also Canada v. State, 421 So.2d 140 (Ala.Cr.App. 1982).
 III
Appellant challenges the sufficiency of the State's evidence. However, in brief he asserts a ground for challenge not raised at trial. Consequently, we limit our review to that alleged and ruled upon at trial.
Appellant argues that the State did not present evidence to prove that on December 5 he did not know that the prescription presented to Gunnels was not the prescription issued by Dr. Brock on December 3.
It would be difficult if not impossible for the State to prove that which appellant contends is essential to establish. It would take an admission of guilty knowledge by appellant to establish directly that which he asserts should have been proven. Such would have been in direct conflict with his plea of not guilty.
Nevertheless, the evidence adduced at trial clearly established that appellant had knowledge that the prescription presented *Page 1349 
to Gunnels on December 5 was a forgery. The testimony of Dr. Brock and Gunnels as well as admission of the forged prescription unequivocally established appellant's guilty knowledge. No error was committed by the trial court in denying appellant's motion to exclude. See Arnold v. State,340 So.2d 873 (Ala.Cr.App.), cert. denied, 340 So.2d 877 (Ala. 1976); St.John v. State, 55 Ala. App. 95, 313 So.2d 215, cert. denied,294 Ala. 768, 313 So.2d 218 (1975); Code § 20-2-70 (a), supra.
 IV
Appellant contends that the trial court committed reversible error in its oral charge to the jury. In brief, he centers his argument upon three instances.
 A
As to the first instance argued in brief, appellant failed to object at trial to the alleged erroneous charge. Thus, he has failed to preserve the alleged error for appellate review.Yates v. State, 390 So.2d 32 (Ala.Cr.App. 1980).
 B
Next, appellant asserts that the trial court over-emphasized to the jury its choice of finding him guilty. He argues that the trial court repeatedly made reference to such without equally informing the jury of its alternative choice of finding him not guilty.
A careful review of the entire oral charge reveals appellant's contention to be without merit. The number of instances where the trial court referred to the jury's choice of finding appellant guilty or not guilty were near identical. The oral charge does not illustrate any bias or prejudice by the trial court against appellant or any direct or indirect attempt by the trial court to influence the decision of the jury. In fact, a close reading of the oral charge evidences the trial court's impartiality to appellant's cause. Thus, taken as a whole, we find that the trial court did not overemphasize to the jury its choice of finding appellant guilty.
 C
Contrary to appellant's contention, the trial court did not shift the burden to appellant to prove that he had no knowledge of the contents of the forged prescription. We quote from the trial court's oral charge:
 "Now, ladies and gentlemen, let me say this to you, one thing I should point out. If he took this piece of paper to the druggist on this occasion and had no idea what it was, didn't know what he had in his hand or didn't know what the nature of the paper was, well, of course, in the event you should determine among yourselves he didn't know what he had or what he could get with it, and that he was innocent of any wrong doing, that he didn't have any guilty knowledge when he presented the paper in question to the druggist on this occasion, had no reason whatsoever to believe that this prescription would get the controlled substance, well, that would, of course, could justify you in finding him not guilty, . . . You analyze the transaction that took place on this occasion and you determine from all the circumstances whether or not this man knew what it was, if the paper was in fact a genuine prescription, what he could get for it. You have heard the evidence in the case. The State has presented evidence to you to indicate it was a phony, that it was a forged prescription, was not a valid prescription. Well, you are to determine whether or not it was a valid prescription. You decide just what went on in the defendant's mind when he presented this paper. Of course, you can't photograph a person's mind, so to speak. That sounds rather trite to even say it, but you the jury have a right to consider all the facts and circumstances surrounding the alleged transaction made the basis of this prosecution. You determine from those facts and circumstances what went on in the defendant's mind on this occasion."
Based upon the above quoted portion of the trial court's oral charge, we find no error in such as alleged by appellant. *Page 1350 
 V
Lastly, appellant contends that the trial court erroneously handled his sentencing hearing. He asserts that it was handled in a "perfunctory manner" as the trial court had "prejudged" the question of his sentence.
 A
The transcript of the sentence hearing consisted of twelve pages in the record. In our estimation, about one-half of such consists of arguments made by counsel for appellant. The remainder is responses thereto by the State and statements by the trial court. Appellant made a lengthy and thorough plea for leniency at the hearing. He offered no evidence other than his argument. The record discloses no attempt by appellant to produce other evidence or any prohibition by the trial court in offering such. In fact, the trial court was receptive to whatever appellant offered.
 B
The trial court fully and thoroughly explained to appellant its concurrence with the State's sentence recommendation, which was initially requested by appellant himself. The sentence imposed was within the limits set by the governing statute. Thus, it is not excessive nor subject to our review. Norwood v.State, 424 So.2d 1351 (Ala.Cr.App. 1982); Tombrello v. State,421 So.2d 1319 (Ala.Cr.App. 1982); Blaylock v. State,411 So.2d 1299 (Ala.Cr.App. 1982). Furthermore, adoption of the sentence recommendation of the State by the trial court does not lead to the conclusion that it had "prejudged" the matter of punishment prior to sentencing. In fact, the State had not made a recommendation to the trial court until appellant inquired about it. While it can be stated with some degree of certainty that the trial court had given judicious thought and consideration to the matter of appellant's sentence prior to his sentencing hearing, adoption of the State's recommendation does not support appellant's contention that such had been predetermined.
 C
Contrary to appellant's assertion in brief, we find full compliance with the rules of criminal procedure pertaining to sentencing hearings. A.R.Crim.P. (Temp.) 2 (b)(2), 3 (a)(2), 3 (c), 6 (b)(1).
 D
Finally, nothing was presented at the sentencing hearing in regard to whether appellant would be considered, or eligible for probation. Such may have been noted in his presentence report, but it was not made a part of the record on appeal. Appellant did not specifically raise the matter at his hearing. Consequently, from the posture of the record before us, there appears to have been no issue raised concerning such. Thus, appellant's reliance upon Graffeo v. State, 412 So.2d 312
(Ala.Cr.App. 1982), is unfounded.
After a complete review of the record, we find no error on the part of trial court.
There appearing no errors on review of the record filed before us, this cause is hereby affirmed.
AFFIRMED.
All the Judges concur.