BOWEN, Presiding Judge.
Kenneth Gerald Young, the appellant, was indicted for rape in the first degree. A jury convicted him of attempted rape in the first degree. The trial judge sentenced him to twenty years’ imprisonment.
On appeal, Young argues that the trial judge erred in instructing the jury on attempted rape in the first degree because the facts were insufficient to support such a verdict. He argues that the crime is either rape in the first degree or sexual abuse in the first degree — but not attempted first degree rape.
“A male commits the crime of rape in the first degree if: * * * (3) He, being 16 years or older, engages in sexual intercourse with a female who is less than 12 years old.” Alabama Code Section 13A-6-61 (a) (3) (1975). The general attempt statute is Section 13A-4-2(a): “A person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act toward the commission of such offense.” Therefore, the elements of attempted rape in the first degree are: (1) The intent to have sexual intercourse with a female who is less than 12 years old; (2) an overt act to carry out that intent; and (3) the failure to consummate the commission of the offense.
“A person commits the crime of sexual abuse in the first degree if: * * * (3) He, being 16 years old or older, subjects another person to sexual contact who is less than 12 years old.” Section 13A-6-66.
The State’s evidence presented a conflict as to whether or not penetration occurred. The uncle of the 6-year-old victim testified that Young had already penetrated the victim. The examining physician stated that he did not believe there could have been any penetration. In his confession, Young admitted that he was trying to penetrate the child when her uncle discovered them. Under this testimony, the issue of penetration was for the jury. Under these facts, the jury could have convicted Young of rape or attempted rape in the first degree or sexual abuse in the first degree. “There can be no doubt that it is within the competency of the legislature to create two or more criminal offenses which may be committed by a single act.... In such event, the state may elect to prosecute for either offense, or under either statute.” Coleman v. State, 290 Ala. 346, 348-49, 276 So.2d 589 (1973); Rampey v. State, 415 So.2d 1184 (Ala.Cr.App.1982).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.