While confined within the Alabama Prison System at Staton Correctional Center in Elmore County, James J. Terry filed on March 14, 1984, in the Circuit Court of Elmore County a petition for writ of habeas corpus in which he claimed that he was then being held illegally at Staton. He based his claim on an allegation that he was being held on an illegally imposed sentence of November 11, 1983, by the Circuit Court of Mobile County, Alabama, after a judgment of conviction had been rendered against him for a felony at the conclusion of a trial commencing on June 7, 1983. It was further alleged in the habeas corpus petition that on October 7, 1982, while petitioner was in prison in Staton Correctional Center he filed an "INMATE'S NOTICE OF PLACE OF IMPRISONMENT AND REQUEST FOR DISPOSITION OF INDICTMENTS, INFORMATION OR COMPLAINTS," in which he requested "that a final disposition be made of the following indictments, information or complaints now pending against me [him]: Robbery 1st degree," and that on October 21, 1982, the Director of Inmate Records Administration of the Department of Corrections, upon receipt of the "Inmate's Notice," wrote the Mobile County District Attorney, enclosing *Page 25 
a copy of the "Inmate's Notice" and stating in the letter the following:
 "In accordance with the Uniform Mandatory Disposition Act, Code of AL 15-9-82, you have ninety days (90) to initiate trial proceedings, providing the court having jurisdiction does not grant for good cause a continuance."
On March 27, 1984, the State filed a motion to dismiss the petition for habeas corpus on the following grounds:
 "1. An allegation of errors and irregularities in the conduct of a trial or prior to trial cannot be considered in a Petition for Writ of Habeas Corpus. Allen v. State, 41 Ala. App. 336, 132 So.2d 327
(1961), cert. denied, 368 U.S. 1001 (1962) and Fields v. State, 407 So.2d 186 (Ala.Cr.App. 1981).
 "2. Alabama Code Section 15-9-82 and -84 relates exclusively to problems pertaining to interstate extradition and not to intrastate detainers. McAlpin v. State, 397 So.2d 209 (Ala.Cr.App.), cert. denied, 397 So.2d 211 (Ala. 1981).
 "3. Petitioner has failed to properly verify his petition as required by Section 15-21-4 Code of Alabama, 1975; O'Such v. State, 423 So.2d 317
(Ala.Cr.App. 1982); 28 U.S.C.A. 1746 and Moore v. State, 417 So.2d 610 (Ala.Cr.App. 1982)."
On March 28, 1984, the Circuit Court of Elmore County entered an order stating that it considered that the motion to dismiss was well taken and ordered that the "Petition for Writ of Habeas Corpus be and is hereby DISMISSED."
While still confined at the Staton Correctional Center on April 5, 1984,[1] James J. Terry filed with the Clerk of the Elmore County Circuit Court a notice of appeal from the "Dismissal" of his petition for writ of habeas corpus and thereafter filed a fifteen-page brief with this Court in which he strongly urges that as he was being held as an inmate at Staton Correctional Center in Elmore County at the time he requested "that a final disposition" be made of the prosecution against him, he was at that time being detained at the Staton Correctional Center and, therefore, was within the coverage of the word "detainer" or "detainers" as contemplated by the Alabama Uniform Mandatory Disposition of Detainers Act (Acts 1978, No. 520, p. 693), now codified as Code 1975. Section15-9-80 through Section 15-9-88.
It should be said to appellant's credit that he is apparently sincere in his contention that the text of some of the language of the Alabama Uniform Mandatory Disposition of Detainers Act does not justify the conclusion that said Act is not applicable to appellant as one who was being detained at Staton pursuant to the sentence imposed in 1983 by the Circuit Court of Mobile County. Out of respect for such sincerity, we deem it appropriate to explain that, although appellant's concept of the word "detainer" is consistent with the usual signification thereof as "a writ authorizing a keeper of a prison to continue to keep a person in custody" as defined in part in Webster'sSecond New International Dictionary, it is not consistent with the meaning of the word, singular or plural, as found in the Alabama Uniform Mandatory Disposition of Detainers Act, which "relates exclusively to problems pertaining to interstate extradition" and not to intrastate detainers. However, it is to be kept in mind that as expressed in the "Agreement on Detainers": "`State.' shall mean a state of the United States; the United States of America; a territory or possession of the United States; the District of Columbia; the Commonwealth of Puerto Rico." Not only is this meaning of the term "detainers" to be clearly found in the language of the Act in its entirety but it has been judicially determined time and again in federal courts and *Page 26 
in state courts that the term "detainers" as found in the Act does not include the judicial authority from a court of a state of the United States by which a prison or like facility of said state detains one therein or thereat.
"The word `detainer' as it is used in the Agreement is a notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction." (Emphasis supplied).United States v. Groomes, 520 F.2d 830, 838 (3rd Cir. 1975).
The trial court was correct in dismissing this appellant's petition for writ of habeas corpus, and the judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.
[1] The record before us indicates but does not conclusively show that at the time of the filing of the "Inmate's Notice of Place of Imprisonment and Request for Disposition of Indictments, Information or Complaints" this appellant was being held at the facility on authority of a judgment of conviction and sentence previous to and unrelated to the case in the Mobile County Circuit Court forming the basis for the petition for writ of habeas corpus but that he had completed service of that sentence at the time of the filing of the petition.