This appeal is by Wallace State Community College at Hanceville (Wallace State) and Linda Diane Bailey and ten other students at Wallace State (Bailey appellants) from a final judgment and permanent injunction entered by the trial court in favor of the Alabama Commission on Higher Education and Dr. Joseph T. Sutton, executive director of the Alabama Commission on Higher Education (collectively, the Commission).
In December 1986, the Commission obtained an injunction from the Montgomery County Circuit Court prohibiting Wallace State from establishing a physical therapy assistant program. In 1987, separate bills were introduced in the Alabama House of Representatives and the Alabama Senate providing for the establishment of a physical therapy assistant program at Wallace State. Neither bill was passed. However, the legislature did pass Act No. 714, Acts of Alabama 1987, August 12, 1987, the 1987-88 Education Appropriation Act, which the parties stipulate was altered by the Joint House-Senate Conference Committee to include a sixteen-word addition creating a physical therapy assistant program at Wallace State.
The change to Act 714 which the Commission objects to is found in § 3A, paragraph 7(4), of the Education Appropriation Act and provides: "There shall be created a physical therapy assistant program at Wallace State Community College at Hanceville." We note that the provision is identical to language contained in the Education Appropriation Act of 1986-87, which was held unconstitutional by the Montgomery County Circuit Court and resulted in the injunction of December 1986.
Both parties subsequently filed suits in the Montgomery circuit court. The trial court, in September 1987, consolidated the cases.
The Commission requested declaratory and other relief, specifically: (1) a declaration finding Act 714, § 3A, paragraph 7(4), to be unconstitutional and violative of Ala. Const. 1901, Art. IV, §§ 45, 61, and 75, insofar as it attempts to establish a physical therapy assistant program at Wallace State; (2) a writ of mandamus to Dr. Charles L. Payne, chancellor of the Alabama Post-Secondary Education Department, directing him to order Dr. James C. Bailey, president of Wallace State, to cease the establishment of a program at Wallace State; and (3) a permanent injunction enjoining Wallace State from establishing a physical therapy assistant program or expending any state funds for such a program at Wallace State.
The Bailey appellants are students at Wallace State who desire to enroll in such a program if established. In their suit filed in Montgomery County for declaratory judgment, they requested a declaration that (1) Wallace State had complied with the provisions of Ala. Code 1975, § 16-5-8 (1985 Cum.Supp.), for establishing a physical therapy assistant program; and (2) Act 714 allows the expenditure of state funds for such a program at Wallace State. Wallace State filed a complaint in intervention requesting identical relief.
The Commission filed a counterclaim, adding the request that the court declare that Wallace State had not complied with the provisions of § 16-5-1, et seq., to establish the physical therapy assistant program.
The trial court, in an order dated September 30, 1987, decreed, in pertinent part, as follows: *Page 1312 
 "That judgment is entered in favor of the Commission and against Payne on the Commission's claim for declaratory relief; and 1987 Ala. Acts 714, § 3A, paragraph (4), is declared unconstitutional and violative of Ala. Const. Art. IV, §§ 45 71. Pursuant to 1987 Ala. Acts 714, § 11, this provision is severed from the Act, and the Act is held otherwise constitutional insofar as it affects the issues in this case.
 "The offending provision in the Act is identical to the language contained in 1986 Ala. Acts 622, § 11, paragraph (4), which was previously held unconstitutional by this court in Alabama Commission on Higher Education v. Alabama State Board of Education, CV-86-1172-G (Circuit Court of Montgomery County, Alabama, December 30, 1986), and is clearly an attempt to establish a Program at WSCC, and is not an attempt to appropriate state funds for a Program.
 "2. Judgment is entered in favor of the Commission and against the Bailey plaintiffs, and it is ADJUDGED that (1) WSCC has not complied with the provisions of § 16-5-8 for establishing the Program; and (2) that the Act does not allow the expenditure of state funds for a Program at WSCC.
 "3. That judgment is entered in favor of the Commission and against WSCC on WSCC's claim, and in favor of the Commission and against WSCC on the Commission's counterclaim; and it is ADJUDGED that (1) WSCC did not comply with the provisions of Ala. Code §§ 16-5-1, et seq., to establish a Program at WSCC; and (2) the Act does not allow the expenditure of state funds for a Program at WSCC."
The court further permanently enjoined Wallace State or any person in participation with Wallace State from establishing a physical therapy assistant program at Wallace State and from expending any state funds for such program.
Wallace State and the Bailey appellants appeal from the decision of the trial court.
Appellants first argue that they complied with § 16-5-8, Ala. Code 1975 (1987 Repl. Vol.), in establishing a physical therapy assistant program and thus the trial court's decision on this issue was in error. Section 16-5-8 requires colleges to obtain the approval of the Commission before offering any new program of instruction using state funds. If the Commission does not act on the request within ten months of its submission, the request is automatically approved. Appellants contend that they submitted their program proposal to the Commission and the Commission failed to contest the proposal, as provided for in the Alabama Administrative Procedure Act (AAPA), § 41-22-1, et seq., Ala. Code 1975. Thus, they contend that the Commission's failure to act on the request within ten months constituted an automatic approval pursuant to §16-5-8(c). However, the appellants' arguments concerning the applicability of the AAPA need not be decided by this court.
The evidence reveals that the physical therapy assistant program was never properly submitted to the Commission for consideration. Thus, the ten-month period contemplated by §16-5-8 never started to run. The appellants contend that the plan was submitted in 1981, 1983, and 1985. The trial court made no specific findings of fact relative to the submission of the proposals. However, in the absence of specific findings of fact by the trial court, this court will assume that the trial court made findings necessary to support its judgment, unless such findings would be clearly erroneous and against the great weight and preponderance of the evidence. Hand v. Stanard,392 So.2d 1157 (Ala. 1981). There is sufficient evidence in the record to support the finding that a physical therapy assistant program proposal was never properly submitted to the Commission. Dr. Kitty Collier, director of planning for the Commission, testified that a program proposal was never submitted in 1981. Chancellor Charles Payne testified that, in 1983, he withdrew the proposal from consideration by the Commission. The chancellor also testified that the proposal was not submitted to the Commission *Page 1313 
in 1985 because a study was being conducted to determine the supply and demand of allied health workers. Dr. Kitty Collier also testified that the program proposal was not submitted in 1985. There was conflicting testimony concerning whether the program proposal was actually submitted for approval at these times. Where, however, testimony is presented ore tenus, the trial court's judgment is presumed correct and will not be disturbed on appeal absent a showing that the judgment is plainly and palpably erroneous. Cedarwood Associates, Ltd. v.Trammell, 410 So.2d 50 (Ala. 1982).
The remaining issues on appeal concern Act 714, § 3A, paragraph 74. Appellants argue that Act 714 is not violative of the Constitution of Alabama, as held by the trial court, and allows the use of state funds for a physical therapy assistant program at Wallace State.
The trial court found the sixteen-word addition violative of the Alabama Constitution and ordered it severed from the act. Sections 45 and 71 of the Alabama Constitution of 1901 require a bill to contain only one subject, clearly explained in the bill's title. The title of Act 714 provides as follows:
 "To make annual appropriations for the support, maintenance and development of public education in Alabama and for debt service and capital improvements for the fiscal year ending September 30, 1988."
The title clearly makes no mention of the creation of a physical therapy assistant program at a community college. The added physical therapy provision is not in any way related to the appropriations referred to in the title. Thus, the title failed to apprise the public that the creation of a physical therapy assistant program was being considered or was contained in the bill. Sections 45 and 71 of the Alabama Constitution are supposed to prevent "hodgepodge" legislation under which "ill considered provisions pass into law while the thought of the legislature is directed to another subject." Boswell v. State,290 Ala. 349, 276 So.2d 592 (1973). By examining Act 714 as a whole, we find it clear that the act deals entirely with how and where the funds approved by the legislature would be spent, with the exception of the addition in question. The provision deals with the creation of a specific program, an entirely different matter.
We must agree with the trial court's decision. To do otherwise would provide a method by which the state's educational institutions could bypass Commission evaluation and create programs which might result in needless duplication and waste of this state's resources.
The decision of the trial court is affirmed.
AFFIRMED.
BRADLEY, P.J., concurs.
HOLMES, J., concurs in the result.