CHEHARDY, Chief Judge.
This is an action for breach of an agreement to purchase real estate. The prospective purchasers tendered a worthless check for part of the deposit. When they failed to make good the check, the seller sued and obtained a default judgment against them for the amount of the deposit, plus attorney’s fees and costs. After he attempted to execute the judgment by a wage garnishment, the defendants appealed.
The basis of the suit is an agreement to purchase and sell a house and lot at 507 Monda Avenue in Belle Chasse, Plaque-mines Parish, Louisiana, at a sale price of $78,500, between Jessie J. Smith, seller, and Robert B. Stanford and Martha J. Stanford, purchasers. The agreement, signed by the Stanfords on December 31, 1986, conditioned the sale on the purchasers’ obtaining a mortgage loan by February 20, 1987.
The agreement included a typical clause requiring the purchasers to make an earnest money deposit:
“Upon acceptance of this offer, * * * purchaser becomes obligated to deposit with seller’s agent immediately 10% of the purchase price amounting to_- -and failure to do so shall not void this agreement but shall be considered as a breach thereof and seller shall have the right, at his option, * * * to demand liquidated damages equal to the amount of the deposit or specific performance, and purchaser shall, in either event, be liable for all damages including agent’s commission, attorney’s fees and costs.”
In the blank space was typed the figure “$1,000.00,” but nothing else (although the petition filed in this suit alleged the deposit provision stated, “10% of the purchase price amounting to $1,000 and balance in a demand note.”).
The purchasers signed a demand note in the amount of $6,850 and tendered a check in the amount of $1,000 to the seller’s agent. However, the check was returned by the bank for insufficient funds. Despite the seller’s notice to the buyers of this default, the purchasers failed to cure the defect. As a result, Smith filed suit on July 2, 1987, seeking damages in the amount of $9,700, which included the amount of the earnest money deposit as stipulated damages and attorney’s fees.
On August 27, 1987, pursuant to LSA-C. C.P. art. 1702(B)(1), the court rendered a default judgment against the Stanfords in the amount of $7,850, with 10% attorney’s fees, costs, and judicial interest. Smith proceeded to execute the judgment on October 6, 1987, by filing garnishment proceedings against Robert Stanford’s employer. On November 12, 1987, Mr. and Mrs. Stanford filed a petition for appeal.
The issues raised by the appellants are whether the district court had the authority under the agreement to award any damages to the plaintiff; and, if so, whether the amount awarded was correct.
*447 Regarding the first issue, the appellants point out the sale was conditioned upon the purchasers’ ability to obtain a loan and that the agreement provides, “Should purchaser * * * be unable to obtain the loan stipulated * * *, this agreement shall be rendered null and void and agent is authorized to return the deposit in full * * They state they applied for a loan, but their application was denied on February 19, 1987. Contending the agreement was thereby rendered null, they argue it is irrelevant that the $1,000 check was dishonored, because it would have had to be returned to them anyway.
The rejected loan application was a defense to the merits of the suit that should have been proffered in the district court. Because the defendants failed to respond to the suit, that evidence is not part of the record and we cannot consider it. See Galland v. Nat. Union Fire Ins. Co., 452 So.2d 897 (La.App. 3 Cir.1984). Accordingly, there is no merit to this argument.
Regarding the second issue, appellants refer to the discrepancy between the actual wording of the purchase agreement regarding the deposit (“10% of the purchase price amounting to $1,000”) and the wording alleged by the plaintiff’s petition (“10% of the purchase price amounting to $1,000 and balance in a demand note”).
Appellants argue the most that could have been awarded under the wording of the agreement was $1,000. Instead, the trial judge calculated 10% of the purchase price to award $7,850 as damages. Although the promissory note for $6,850 was before the court when the judgment was rendered, the Stanfords contend the court went beyond the terms of the agreement to award the total amount. In view of the contradiction between the affidavits submitted and the written agreement, appellants assert the judgment was clearly erroneous. They request this court to annul the default judgment and to order a new trial.
Finally, appellants point out the petition is a claim against them for 10% of the purchase price in the agreement, attorney’s fees, and interest as a result of the failure to pay the required deposit. It is not a suit to collect on the $6,850 promissory note. On this basis also, they assert, any damages should be limited to $1,000.
In response, the plaintiff admits his petition erred in its recitation of the agreement’s language regarding the deposit, but asserts his affidavit of correctness and the promissory note itself, filed at the time the default was confirmed, establish that the parties intended the deposit to be 10% of the purchase price.
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. LSA-C.C.P. art. 1702(A).
Although the petition misquotes the relevant portion of the purchase agreement, it does allege a 10%-of-purchase-price deposit. The documents submitted at the confirmation of the default judgment included the following:
(1) The promissory note in the amount of $6,850, which bears the notation “Partial deposit, 507 Monda Ave., Belle Chasse, La.”;
(2) A photocopy of the $1,000 check, which bore the notation “Deposit 507 Monc-la Ave. B.C.”; and
(3) An affidavit from Jessie J. Smith in which he stated that the Stanfords were obligated to tender 10% of the purchase price as their earnest money deposit, that they executed the $6,850 promissory note for part of the deposit and tendered the $1,000 check as the cash portion of the deposit, that the check had been returned for “non-sufficient funds,” and that the Stanfords had been notified in writing that their failure to tender the cash portion of the deposit was a breach of the purchase agreement.
We find the evidence established a prima facie case that the deposit was intended to be 10%, that it was not paid, and that the defendants breached the purchase agreement. This was sufficient proof upon which to confirm the default judgment. Accordingly, the trial court did not err.
*448 For the foregoing reasons, the judgment is affirmed. Costs of the appeal are assessed against the appellants.
AFFIRMED.