Billy Don Springer seeks a mandamus ordering the Circuit Court of Morgan County to dismiss certain pending criminal charges on the basis of a lack of jurisdiction.
The issue is whether the Uniform Mandatory Disposition of Detainers Act (§§ 15-9-80 through -88) addresses two different subject matters and thereby violates Art. IV, § 45, Ala. Const. 1901.
Springer is currently serving a 10-year prison sentence in Alabama. On September 3, 1991, while Springer was in prison, he was charged in this state with robbery in the first degree, burglary in the first degree, burglary in the third degree, theft of property in the second degree, and two counts of receiving stolen property in the first degree. The record does not indicate whether Springer had escaped or was on parole when he allegedly committed those crimes. Based on the charges, detainers were lodged against Springer.
Springer moved for a trial to be held in 90 days. In his motion, Springer argued that the Uniform Mandatory Disposition of *Page 1268 
Detainers Act applied to intrastate prisoners and that he was entitled to a trial in 90 days under § 15-9-84. The motion was granted on October 2, 1991.
Because the trial was not held within 90 days, Springer petitioned the Court of Criminal Appeals for a writ of mandamus, contending that the charges should be dismissed for lack of jurisdiction, relying on § 15-9-84. The Court of Criminal Appeals denied the writ. Springer then petitioned this Court for a writ of mandamus.
A writ of mandamus is a drastic and extraordinary writ and will not be issued unless the petitioner has a clear and undisputable right to a particular result. Ex parte Sides,594 So.2d 93 (Ala. 1992).
Springer argues in his petition that according to Turner v.State, 584 So.2d 925 (Ala.Cr.App. 1991), the Uniform Mandatory Disposition of Detainers Act applies not only to inter state prisoners but also to intra state prisoners. Springer argues that under § 15-9-84 he was entitled to a trial within 90 days after he filed his request for trial and that, because the trial was not held within 90 days, the charges must be dismissed for lack of jurisdiction.
In Turner, the Court of Criminal Appeals held:
 "Alabama's Uniform Mandatory Disposition of Detainers Act (§§ 15-9-80 through -88) provides for both the interstate and intrastate disposition of detainers. Section 15-9-81 adopts and [sets] out the test of the Interstate Agreement on Detainers Act, see 18 U.S.C.S.App. at 118 (Law.Co-op. 1990), which 'prescribes procedures by which a prisoner may demand the prompt disposition of charges pending against him in a state other than the one in which he is imprisoned.' Annot., 98 A.L.R.3d at 166 [n. 1]. However, §§ 15-9-82 through -88 set forth the major provisions of the Uniform Mandatory Disposition of Detainers Act, see 11 U.L.A. 328 (Supp. 1990 at 207), which provides for the intrastate transfer of a prisoner. Annot., 98 A.L.R.3d at 166, n. 1."
584 So.2d at 931.
Prior to Turner in 1991, the Uniform Mandatory Disposition of Detainers Act was held to apply only to interstate prisoners.Steele v. State, 542 So.2d 1309 (Ala.Cr.App. 1988); Randle v.State, 554 So.2d 1124 (Ala.Cr.App. 1986), aff'd on other grounds, 554 So.2d 1131 (Ala. 1987); Mathis v. State,501 So.2d 509 (Ala.Cr.App. 1986); Burke v. State, 478 So.2d 6
(Ala.Cr.App. 1985); Terry v. State, 461 So.2d 24 (Ala.Cr.App. 1984), cert. denied, 461 So.2d 24 (Ala. 1984); Lowery v. State,452 So.2d 897 (Ala.Cr.App. 1984); Tyree v. State,439 So.2d 1346 (Ala.Cr.App. 1983); Morning v. State, 416 So.2d 780
(Ala.Cr.App. 1982); McAlpin v. State, 397 So.2d 209
(Ala.Cr.App.), cert. denied, 397 So.2d 211 (Ala. 1981).
Article IV, § 45, Ala. Const. 1901, provides the following:
 "The style of laws of this state shall be: 'Be it enacted by the legislature of Alabama,' which need not be repeated, but the act shall be divided into sections for convenience, according to substance, and the sections designated merely by figures. Each law shall contain but one subject, which shall be clearly expressed in its title, except general appropriations bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred, shall be re-enacted and published at length."
(Emphasis added.)
It is clear under § 45 that only one subject may be addressed in each law. Section 45 is supposed to prevent "hodgepodge" legislation under which "ill considered provisions pass into law while the thought of the legislature is directed to another subject." Boswell v. State, 290 Ala. 349, 276 So.2d 592 (1973), appeal dismissed, Boswell v. Alabama, 414 U.S. 1118,94 S.Ct. 855, 38 L.Ed.2d 747 (1974); Wallace State Community College v.Alabama *Page 1269 Comm'n on Higher Educ., 527 So.2d 1310 (Ala.Civ.App. 1988).
It is abundantly clear from § 15-9-88 that the Legislature intended for the Uniform Mandatory Disposition of Detainers Act to pertain solely to the disposition of inter state detainers. Section 15-9-88 states that "this article shall be so construed as to effectuate its general purpose to make uniform the laws of this state with those states joining in the Interstate Agreement on Detainers Act." Also, the preamble to the Act specifically states that the purpose of the Uniform Mandatory Disposition of Detainers Act is to provide the procedures for transferring prisoners between the states signing the Interstate Agreement on Detainers. Act No. 590, Alabama Acts 1978.
Therefore, we declare void those sections of the Uniform Mandatory Disposition of Detainers Act dealing with intrastate prisoners.
The Act states that "the provisions of this Act are severable. If any part of the act is declared invalid or unconstitutional, such declaration shall not affect the part which remains." Act No. 590, § 9, Alabama Acts 1978. If a portion of a legislative enactment is determined to be unconstitutional but the remainder is found to be enforceable without it, the court may strike the offending portion and leave the remaining portion intact and in force, with or without a severability clause. City of Birmingham v. Smith,507 So.2d 1312 (Ala. 1987). Specifically, §§ 15-9-82 through -84, as they concern intrastate prisoners, are severed from the Act. However, the remaining sections of the Act concerning the disposition of detainers lodged against inter state prisoners are valid and enforceable.
Every defendant is entitled to a speedy trial under the Sixth Amendment, and this Court is well aware of the particular importance of a "detainee's" right to a speedy trial. See,Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607
(1969) (constitutional guarantee of right to speedy trial is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation, and to limit possibilities that a long delay will impair the ability of the accused to defend himself). However, combining two different subjects, such as interstate and intrastate prisoners in the same law, violates § 45, Ala. Const. 1901.
We note that Rule 8, A.R.Crim.P., protects an intrastate prisoner's Sixth Amendment right to a speedy trial. It provides:
 "Insofar as is practicable, trials of criminal cases shall have priority over trials of civil cases. In determining the priority among criminal cases, the court shall consider, among others, the following factors:
 "(1) The right of the defendant to a speedy trial under the constitutions of the United States and the State of Alabama;
"(2) Whether the defendant is in custody;
 "(3) The relative gravity of the offense charged; and
"(4) The relative complexity of the case."
Based on the foregoing, we overrule that portion ofTurner v. State applying the Uniform Mandatory Disposition of Detainers Act to intrastate prisoners.
The petition for the writ of mandamus is denied.
PETITION DENIED.
HORNSBY, C.J., and MADDOX, SHORES and ADAMS, JJ., concur.
STEAGALL and INGRAM, JJ., concur in the result.