The appellant, Herschel E. Downing, was convicted of assault in the second degree, in violation of § 13A-6-21, Code of Alabama 1975, and of attempted rape in the first degree, in violation of § 13A-6-61(a), Code of Alabama 1975, and §13A-4-2, Code of Alabama 1975. Pursuant to the Habitual Felony Offender Act, he was sentenced to life imprisonment on each count, the sentences to run concurrently with each other and with the sentence he is now serving.
The state's evidence tended to show that on August 6, 1991, the victim[1] met Downing at a pool hall. Later that evening, Downing followed the victim to a Krystal restaurant, where the victim was meeting a friend who worked there. A short time later, Downing left the Krystal and followed the victim to another friend's house where she had gone to watch a movie. Downing refused to go into the friend's house, so the victim stayed outside and talked to him.
The victim testified that Downing convinced her to ride with him to pick up some of his friends. During the ride Downing told her that he needed to stop by his house trailer, because, he said, he was expecting an important telephone call. After Downing and the victim arrived at the trailer, the victim remained in the car, while Downing supposedly searched for his telephone pager. After several invitations from Downing, the victim went inside the trailer.
Once inside the trailer, the victim asked to use the bathroom. Before the victim reached the bathroom, however, Downing pulled a knife on her. The victim testified that at first she thought Downing was joking, until he said, "Shut up, bitch." The victim then pleaded with Downing to let her leave. Downing's only response was to put his arm around her throat, press the knife into her back, and force her into the bedroom, where he told her to lie face down on the bed. She told him that she needed to use the bathroom. He allowed her to get up, but followed her closely, and stood in the open doorway until she finished. He then took the victim back to the bedroom and told her to take all of her clothes off, except for her bra and panties. The victim testified that the more she pleaded with him to let her go, the more excited he became, and that he began to have an erection. Downing told her to lie on her back on the bed. He then used torn pieces of a bed sheet to tie her arms and legs to the bedposts. Downing then laid the knife on the bed, turned the bedroom light off, and walked to the front of the trailer. The victim was immediately able to break free. She grabbed the knife and fled from the trailer. The victim ran into a tree outside the trailer and dropped the knife. Downing pursued her with another *Page 985 
knife in his hand and caught her a short distance from the trailer. The victim fell to the ground and began to scream. Downing pinned the victim to the ground by placing his body on top of her. He then put his hand over her mouth and began to attack her with the knife. The victim grabbed the blade of the knife and struggled with Downing, who was trying to drag her back to the trailer. The victim let go of the knife blade and Downing fell backwards. The victim then ran to a nearby house and the occupants called the police.
 I
The appellant first contends that the trial court erred in denying his motion for a judgment of acquittal on the charge of attempted rape in the first degree. He argues that there was no evidence to show that he had the requisite intent to rape the victim. We disagree. Section 13A-6-61, Code of Alabama 1975, states, in pertinent part, that "[a] male commits the crime of rape in the first degree if . . . [h]e engages in sexual intercourse with a female by forcible compulsion."
The attempt statute, § 13A-4-2, Code of Alabama 1975, states, in pertinent part:
 "(a) A person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense."
(Emphasis added.)
The elements of attempted rape in the first degree, under § 13A-6-61(a), Code of Alabama 1975, are as follows: (1) The intent to engage in sexual intercourse with a female by forcible compulsion; (2) an overt act towards the commission of the offense; and (3) the failure to consummate the offense. See, e.g., Young v. State, 453 So.2d 1074 (Ala.Cr.App. 1984).
The intent of a defendant at the time of the offense is a jury question. Brooks v. State, 520 So.2d 195
(Ala.Cr.App. 1987). This court, in Williams v. State,445 So.2d 949 (Ala.Cr.App. 1983), noted the difficulty of proving a defendant's state of mind at the time of an offense. We stated:
 "We fully realize the difficulty of fathoming the mind of defendant to such an extent that it can be determined with absolute certainty that his conduct include an intent by him to engage in sexual intercourse with [the victim] by forcible compulsion, but we think the evidence shows conclusively that she thought that he had that intent and that what she thought prompted her to plead with him and to pay him not to do so. No human being is in a better position to determine whether such intention existed than the alleged victim and her aggressor. Having no testimony from the aggressor as to his intention, the only reasonable conclusion, we think, is that some time during the hassle between the two the man with the gun intended to rape the defenseless woman he had pushed on the bed."
445 So.2d at 951.
In Williams, the defendant held the victim at gunpoint and demanded several times that she remove her clothes. She pleaded with him and was finally able to convince him to take her money and leave. This court held that the victim's undisputed testimony was sufficient to create a jury question as to the charge of attempted rape in the first degree.
In this case, as in Williams, the victim's testimony as to what occurred inside the house trailer is undisputed. She testified that Downing forced her at knife-point to remove all her clothes except her underwear and that Downing became more excited as the victim pleaded with him to let her go. She said that he then tied her to the bed in a manner that would facilitate raping her. We hold that this testimony was sufficient to overcome the appellant's motion for judgment of acquittal.
 II
The appellant also contends that the trial court erred when it failed to dismiss the indictment, in accordance with the Uniform Mandatory Disposition of Detainers *Page 986 
Act (hereinafter "the Act").[2] Specifically, he contends that §§15-9-80 through -88, Code of Alabama 1975, requires that the present trial should have commenced within 90 days of the filing of his motion for speedy trial, and he argues that, because it was not, the present charges should have been dismissed.
However, the Act does not apply to a prisoner in the appellant's position. The Alabama Supreme Court, in Ex parteSpringer, 619 So.2d 1267 (Ala. 1992), held that the Act does not apply to intra state prisoners, only to inter state prisoners. Specifically, the court severed from the Act §§ 15-9-82 through -84, as those sections concern intrastate prisoners. Springer.
Further, the court noted that Rule 8, A.R.Crim.P., protects an intrastate prisoner's Sixth Amendment right to a speedy trial.Id.
When the appellant moved for dismissal for failure to bring the present charges to trial within 90 days, he was incarcerated at the Kilby Correctional Facility in Montgomery County, Alabama. The charges pending against him were charges arising out of an incident that occurred in Elmore County, Alabama. Because the appellant was incarcerated in this state and the pending charges arose within this state, the 90-day provision of the Act does not apply to him.
For the foregoing reasons, the judgment in this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.
[1] The anonymity of the victim is being preserved in accordance with Rule 52, A.R.App.P.
[2] The Uniform Mandatory Disposition of Detainers Act provides a method by which a prisoner in this state may request the timely disposition of an untried indictment in another state, or by which a prisoner in another state may request the timely disposition of an untried indictment in this state. § 15-9-80.
 *Page 221