83 So.2d 259

## Bart SULLIVAN v. STATE.

### 6 Div. 974.

Court of Appeals of Alabama.

Nov. 1, 1955.

John Patterson, Atty. Gen., Robt. Straub, Asst. Atty. Gen., and Alfred W. Goldthwaite, Montgomery, of counsel, for the State.

Walter C. Woods, Tuscaloosa, for appellant.

PRICE, Judge.

The defendant was indicted under two counts, the first charging the offense of distilling prohibited liquors and the second the illegal possession of a still. He was found guilty under count one, which, omitting the formal parts, alleges that defendant: "Did distill, make or manufacture alcoholic, spirituous, vinous, malted or mixed liquors or beverages, a part of which

was alcohol, without authority of the Alabama Alcoholic Beverage Control Board, and contrary to law."

The court sentenced the defendant to the penitentiary for a term of two years.

In the recent case of Shirley v. State, Ala.App., 76 So.2d 787,[1] we decided adversely to appellant's contention that because of the allegation in the indictment that the prohibited liquors were manufactured " 'without authority of the [Alabama] Alcoholic [Beverage] Control Board' ", that the offense must be deemed a misdemeanor and the sentence to the penitentiary was error.

Appellant's counsel insists in brief that there was no proof of the said allegation in the indictment "without the authority of the Alabama Alcoholic Beverage Control Board."

The question of any supposed variance between the averment and proof was not called to the attention of the trial court in any manner, nor was any charge asked and refused respecting it. Vines v. State, 37 Ala.App. 22, 69 So.2d 475, certiorari denied 260 Ala. 701, 69 So.2d 477.

When the State had concluded its examination in chief the defendant moved to exclude the State's evidence. The court overruled the motion and defendant duly excepted.

No grounds of motion were assigned, therefore, the court's ruling was without error. Perry v. State, 17 Ala.App. 80, 81 So. 858; Garner v. State, 34 Ala.App. 551, 41 So.2d 634.

No request having been made for the affirmative charge and no motion for a new trial having been filed, the question of the sufficiency of the evidence to sustain the conviction is not before us.

There is no error in the record and the judgment is affirmed.

Affirmed.