BOWEN, Presiding Judge.
Chester A. Sherer, the appellant, was indicted and convicted for receiving stolen property in the first degree in violation of Alabama Code 1975, § 13A-8-17. Sentence was eight years’ imprisonment. Four issues are raised on appeal.
I
Sherer argues that his motion for judgment of acquittal should have been granted because the State did not prove the ownership of the stolen pickup truck as it was alleged in the indictment.
The indictment described the stolen property as “one (1) 1981 Ford F-100 pick-up truck, of , the value of more than $1,000.00, the property of Terry Selman.”
*992 Mr. Selman could only testify that his keys fit the truck and that “part of that truck” was his. Despite this, the State presented prima facie proof that Selman owned the stolen truck. Records from Atkins Ford showed that Selman purchased a truck with a vehicle identification number matching that of the stolen truck. A tag receipt from the Walker County Probate Judge corroborated this. Here, we do not face the hearsay testimony admitted in Parker v. State, 386 So.2d 495 (Ala.Cr.App.1980). This evidence raised a presumption that the truck belonged to Selman. Eddy v. State, 353 So.2d 67, 72 (Ala.Cr.App.1977).
“A bill of sale or a license tag are two methods of proving ownership and the right to possession of a motor vehicle. Scott v. Parker, 216 Ala. 321, 113 So. 495. An official tag receipt is, therefore, original and primary evidence denoting title to a motor vehicle and is admissible evidence without further proof. This proof of registration raises a presumption that the car belonged to the registered owner but this presumption may be entirely overcome by countervailing testimony. Ala.Dig. ‘Automobiles’, Key No. 242(5). The license tag receipt was properly admitted in evidence.” Whistenant v. State, 50 Ala.App. 182, 194, 278 So.2d 183, cert. denied, 291 Ala. 802, 278 So.2d 198 (1973).
The motion for judgment of acquittal was properly denied.
II
Although Sherer argues that the trial judge erred in admitting the search warrant, the record does not establish that the warrant was, in fact, introduced into evidence. Also, there is no objection to the introduction of the search warrant. Consequently, there is nothing for this Court to review. Although, defense counsel objected “to the introduction of all the exhibits”, the prosecutor never attempted to introduce the search warrant into evidence.
III
Sherer operated a “little shop”: “A mechanic shop, welding and some paint work on vehicles and such as that.”
Evidence that other stolen vehicles had been found at Sherer’s shop was properly admitted on the issues of guilty knowledge, criminal intent, and to show a plan, design, scheme or system. C. Gamble, McElroy’s Alabama Evidence § 69.01 et seq. and § 70.01(23) (3rd ed. 1977).
IV
Since this evidence of other offenses was properly admitted, its cumulative result was not error.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.