This is an appeal from judgments of conviction and sentence on a consolidated trial before a jury of seven cases, in which three of the indictments charged defendant with forgery in the second degree and each of the four other indictments charged him with criminal possession of a forged instrument. The indictments were returned on May 17, 1983, and the defendant was tried on all seven cases on February 7, 1984. Four issues are presented on appeal.
 I.
By appellant's first issue, the contention is made that, "The trial court erred by refusing to dismiss the charges against appellant for lack of a speedy trial." In support of the contention, appellant cites "Code Section 15-9-84, Code of Alabama." The cited Section was one of the two sections given consideration by this Court in Morning v. State, 416 So.2d 780
(Ala.Cr.App. 1982), wherein it was held at pages 780 and 781 as follows:
 "Appellant's contention constitutes an effort on his part to require compliance with Code §§ 15-9-82 and 15-9-84, Code of Ala. 1975 (1981 Cum.Supp.), even though no other section nor any part of Chapter 9 of the Code of Alabama of 1975 is applicable to the facts in the instant case. The chapter deals with the overall subject of Fugitives From Justice. The sections of the Code relied upon by appellant constitute a codification of Acts 1978, No. 590, §§ 3 and 5. Acts 1978, No. 590, is the Uniform Mandatory Disposition of Detainers Act, and it relates exclusively to problems pertaining to interstate extradition. The sections of the Code relied upon are utterly irrelevant to a prisoner in Alabama unless a territory or a state of the United States other than Alabama has lodged in Alabama a detainer against the prisoner. There is nothing in the record proper or the transcript to the effect that defendant has been charged with a crime in any other jurisdiction or that a detainer from any other jurisdiction has been lodged against him. The inapplicability of the statutory law relied upon by appellant is explained in McAlpin v. State, Ala.Cr.App., 397 So.2d 209, 210
(1981), cert. denied, 397 So.2d 211."
For the same reason set forth in Morning v. State and McAlpinv. State, the statutory law relied upon in the first issue presented by appellant is not applicable to the instant case.
 II.
Appellant next contends that:
 "The trial court erred by refusing to grant appellant's motion for a judgment of acquittal/new trial as it pertained to three cases (CC-83-83, CC-83-84, and CC-83-87 against appellant.)"
We regret that we are unable to assay as accurately as we would prefer to do the testimony as to each of the allegedly forged checks. We are convinced the testimony of some of the checks is clear and more definite than as to some of the other checks. We believe that careful counsel has done his best for his client in selecting the three checks as to which the evidence of defendant's guilt was not as strong as it was as to the other four instruments. Nevertheless, we are convinced that there was substantial evidence of defendant's guilt as to the three checks selected by *Page 8 
appellant's counsel. In arriving at this conclusion, we take into consideration that the person whose name was signed as the maker of the check testified emphatically that all of the checks constituted "forgeries" of his "signature" and that, during the time that his purported signature on each of the checks was forged thereon, the defendant had access to the check books of the witness, who is the father of defendant. It is to be noted also that apparently all of the checks were made payable to the defendant.
In our opinion, there was substantial evidence as to defendant's guilt in each of the three cases referred to in the second issue presented by appellant, as well as in the other cases, and that appellant's contention in this respect is not well taken.
 III.
The third issue presented by appellant is thus stated: "The trial court erred by improperly using a prior conviction against appellant at the sentencing hearing." He endeavors to show that there was no evidence that defendant was represented by counsel at the time of the particular prior conviction, as required in Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258,19 L.Ed.2d 319 (1967). Nevertheless, the evidence at the sentencing hearing shows that defendant had been previously convicted of three felonies in addition to the conviction of the felony assailed as the one in which defendant was not represented by counsel. The punishment imposed of life imprisonment was authorized by Alabama Criminal Code, § 13A-5-9
(c)(1), which provides:
 "In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such conviction has committed another felony, he must be punished as follows:
 "(1) On conviction of a Class C felony, he must be punished by imprisonment for life or for any term not more than 99 years but not less than 15 years."
The position taken by appellant in respect to this issue is not correct.
 IV.
The last issue presented is thus captioned in brief of counsel for appellant:
 "The trial court erred by sentencing appellant to life imprisonment in all seven cases as being cruel and unusual punishment in violation of the U.S. Constitution's Eighth Amendment."
Reliance is had upon Solem v. Helm, 463 U.S. 277,103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). There are some similarities between the instant appeal and Solem v. Helm. The two cases, however, are distinguishable in that in Solem v. Helm, there was no conviction, previous or otherwise, for a crime of violence, while in the instant appeal, two of the three previous convictions were for burglary. Furthermore, the sentence under consideration in Solem v. Helm was for "life imprisonment without the possibility of parole," while the sentence in each of the seven cases now on appeal was for life imprisonment and not for the greater punishment of life imprisonment without parole. The punishment in the instant case was not violative of the Eighth Amendment to the Constitution of the United States.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur. *Page 9