Robert Daniels, Jr. was indicted for the illegal possession of a controlled substance, in violation of § 20-2-70, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment," and he was given a five-year sentence. The trial judge ordered the appellant to serve six months in the penitentiary and the rest of the sentence on probation.
At approximately 3:30 a.m. on June 8, 1986, Officer Dorothy Wright of the Demopolis Police Department observed a Chrysler Cordoba with a Georgia license plate moving swiftly on North Walnut Street in Demopolis, Alabama. Wright stopped this vehicle. As she approached the vehicle, she saw a man in the back seat put his hand under a coat. Wright told him to put his hands where she could see them and asked for the driver's license.
At this point, the man in the back seat put his hands back under the coat. Wright then advised all three occupants of the car to get out. She identified Eddie Robinson as the driver of the vehicle and Tony Begon as the passenger in the front seat. The appellant was in the back seat.
Wright looked at Robinson's license and told him to go to the patrol car. As Wright was walking towards the patrol car, she saw the appellant throw a bag with a white substance in it. The bag landed a few feet from the appellant and he tried to kick at it. Wright walked over and saw the bag and a brown vial lying near the bag. Both the bag and the bottle contained cocaine.
At this point, other officers arrived and all three occupants of the car were handcuffed and taken to the police station. The car was searched and an overnight bag was found on the back seat. The overnight bag contained a shaving kit which contained several items of drug paraphenalia. These items had cocaine on them. A straw with cocaine in it was also found inside the bag. An address book, which referred to the appellant, and which he claimed, was also found in this bag.
Eddie Robinson testified that he was also charged with cocaine possession in connection with this incident. He stated that he was driving the car on the night in question. Begon was in the passenger seat and the appellant was in the back seat when the car was stopped.
Earlier that day, the three left Atlanta for Demopolis, Alabama. Robinson was bringing the appellant to Demopolis to see his family. When they got to Demopolis, the three went to a club and then went to the appellant's father's house and took showers. They then went back to the club. They were stopped after leaving the club. *Page 518 
Robinson stated that he told the police that everything in the car was his but he testified that only a jacket inside the car belonged to him. Robinson testified that the bag found in the back seat belonged to the appellant.
 I
The appellant contends there was a fatal variance between the indictment and the proof at trial because the indictment alleged this offense occurred on June 6, 1986, and the evidence at trial showed the offense occurred on June 8, 1986.
The appellant failed to object at trial to this alleged variance. When an alleged variance between an indictment and proof is not brought to the attention of the trial court in any manner, the defect, if any, is waived. Sullivan v.State, 38 Ala. App. 340, 83 So.2d 259 (1955). Thus, this alleged error was not properly preserved for our review.Gilbert v. State, 410 So.2d 473 (Ala.Cr.App. 1982).
 II
The appellant alleges there was insufficient evidence preserved at trial to support his conviction. However, this issue was not raised at trial, and, therefore, was not preserved for our review. Gary v. State, 473 So.2d 604
(Ala.Cr.App.), cert. denied, 473 So.2d 604 (Ala. 1985).
 III
During deliberations, the jury gave the following note to the trial judge: "We the jury of 12 feel Robert Daniels, Jr. is guilty as charged, but 9 of 12 feel that the state has not proved this. Pamela Luker, Forewoman." (R. 32.) At this point, the trial judge told the jury that he would further explain the law and would allow them to resume deliberations to see if they could reach a verdict. The trial judge then again instructed the jury on the burden of proof, the elements of this offense, and as to reasonable doubt arising from the evidence. The jury resumed its deliberations and returned a verdict of guilty.
The appellant now contends on appeal that the trial judge erred by giving additional instructions to the jury without a specific request and not informing them that the additional instructions must be regarded with all the other instructions given.
The appellant failed to object to the court's additional instructions and he did not request the judge to tell the jury to consider the additional instructions with those previously given. Thus, this issue is not before us on appeal.Smelcher v. State, 520 So.2d 229 (Ala.Cr.App. 1987);Ballard v. State, 461 So.2d 899 (Ala.Cr.App.),cert. denied, 461 So.2d 899 (Ala. 1984); Allen v.State, 414 So.2d 989 (Ala.Cr.App. 1981), aff'd,414 So.2d 993 (Ala. 1982).
For the reasons stated, the judgment of the trial court is due to be, and the same is hereby, affirmed.
AFFIRMED.
All the Judges concur.