The appellant, Archie Slater, was indicted and convicted of one count of sodomy in the second degree, in violation of §13A-6-64 Code of Alabama 1975. He was sentenced to 20 years in prison. On appeal, appellant raises four issues for this court's consideration.
The state's evidence tended to prove that the appellant, a former teacher of the victim's, sodomized the victim on several occasions during his early years in high school. The victim testified that the appellant and he would take trips together and that on these trips, they would have oral sex. He testified as to several specific instances in which the appellant performed oral sex on him. The victim also stated that the appellant paid him to get some of his friends to join them. The relationship between the appellant and the victim continued until the victim was in the eleventh grade.
 I
The appellant argues that the state failed to prove the offense of sodomy in the second degree because they did not prove beyond a reasonable doubt that the victim was under 16 at the time of the instances.
Initially we note that the appellant has failed to preserve this issue for our consideration because it was not brought to the attention of the trial court. See Dixon v. State,476 So.2d 1236 (Ala.Cr.App. 1985). When defense counsel made a motion for a directed verdict at the close of the state's case, he argued only that the statutory period of limitation had run on the offenses. He renewed this objection at the close of all the evidence. At no time did he bring to the trial judge's attention the fact that the state had failed to prove the age of the victim. Even had this issue been preserved, however, the appellant's contention would still fail. Numerous references were made to the victim's age during his own testimony.
 II
The appellant next argues that the trial court erred in not granting his motion *Page 1210 
for a directed verdict at the close of the state's case. Specifically he argues that the statute of limitations had run on the offense. The appellant states that at the time of the offense sodomy in the second degree had a three-year statutory period limitation according to § 15-3-1, Code of Alabama 1975. Effective January 7, 1985, the statute of limitations was changed. Section 15-3-5, Code of Alabama 1975, now reads:
 "(a) There is no limitation of time within which a prosecution must be commenced for:
". . . .
 "(4) Any sex offense involving a victim under 16 years of age, regardless of whether it involves force or serious physical injury or death.
". . . .
 "(b) The amendments made by this act shall apply:
". . . .
 "(2) To all crimes committed before January 7, 1985, for which no statute of limitations provided under pre-existing law has run as of January 7, 1985."
Thus, if the statutory period of limitation on an offense had not run as of January 7, 1985, then the offense would have no statute of limitations. The victim testified that the act for which appellant was charged occurred between December 1981 and January 1982 and that it happened at the end of basketball season. Since basketball season ends in January and since the victim stated that the incident occurred in December or January, the jury was free to infer from the evidence that the offense occurred within the statutory period of limitation. Inferences to be drawn from the evidence are for the jury alone. See Anderson v. State, 542 So.2d 292 (Ala.Cr.App. 1987), writ quashed, Ex parte Anderson, 542 So.2d 307 (Ala.), cert. denied, ___ U.S. ___, 110 S.Ct. 116, 107 L.Ed.2d 77 (1989).
 III
The appellant next argues that the trial court erred in allowing into evidence testimony concerning the appellant's sexual preferences and evidence of prior bad acts and that he was consequently irreversibly prejudiced. The appellant's complaints center on references made at trial to his past homosexual behavior.
The appellant specifically complains of statements concerning his sexual preference made during the testimony of James Edward Williams, a high school friend of the victim's. However, the victim had testified to the appellant's preference for boys prior to this point in the trial. No objections were made at that time.
Moreover, it is clear from the record that this information was part of the res gestae. The victim stated that on the date of the sodomy the appellant took him and two of his friends to Selma where they went to someone's home and had a "party." The victim stated the following:
 "Q [Prosecutor] — When, sir, did he do anything with you?
 "A [Victim] — At the time we all was at Raymond Dozier's house we had got pretty high because we had some beer, some whiskey.
"Q — And what happened?
 "A — Well, before they went out, we all had stripped. And they didn't want to have no — nothing — at the time I wasn't supposed to be involved, but in order to get the other two guys to cooperate, I had to show some kind — do something, you know, to get them to cooperate with them because I was supposed to have got them for him.
"Q — And what happened?
"A — Didn't do nothing but suck my penis."
As this court has previously stated: "[T]estimony apparently illegal upon admission may be rendered prejudicially innocuous by subsequent or prior legal testimony to the same effect or from which the same facts can be inferred." Bell v. State,466 So.2d 167, 174 (Ala.Cr.App. 1985).
The appellant also complains about the following two instances. The first instance occurred during the testimony of James Edward Williams. The following occurred: *Page 1211 
 "Q [Prosecutor] — During the year '82 or '83, did you observe any sexual acts with any person and the Defendant?
 "[Defense counsel]: Object once again, Your Honor, for the same reason stated earlier.
 "The Court: Well, I hope you remember the ruling that I gave you before you started; and I hope you will tie that down.
"Mr. Greene: Yes, sir.
 "Q — Let me ask this question: Did you observe any sexual act between this Defendant and Mr. Blackmon at any time?
"A [Witness] — No, sir.
"The Court: What was the answer?
"Mr. Greene: No."
We fail to see how the witness's negative answer to the question could be harmful to the appellant.
The appellant also complains about a question asked during the testimony of Jamie Grimes, a student of the appellant's. However, the question was never answered and was withdrawn after a conference at the bench. Thus there is no adverse ruling to appeal from. "Absent an objection and an adverse ruling nothing is presented to this court for review." Bell v.State, 466 So.2d at 172.
 IV
Last, the appellant argues that his sentence exceeded the maximum authorized by statute. For this reason, we must remand this case so that a new sentence may be imposed. The appellant was sentenced to 20 years in prison. At the time of the offense, sodomy in the second degree was a Class C felony, for which the maximum allowable sentence was 10 years' imprisonment. Section 13A-5-6(a)(3), Code of Alabama 1975. However, in 1987, § 13A-6-64, Code of Alabama 1975, was amended to make sodomy in the second degree a Class B felony, for which the maximum allowable sentence is 20 years. The commissioner's notes quote the act amending that section as follows: "[c]onduct occurring before the effective date of this act shall be governed by pre-existing law." Thus the appellant should have been sentenced according to the prior statute, which allowed for a maximum of 10 years in prison.
We stated in Coleman v. State, 516 So.2d 871
(Ala.Cr.App. 1987), " 'As long as the sentence imposed by the trial court is within statutory boundaries, the Court of Criminal Appeals will not overturn the decision absent clear abuse. (citation omitted).' " Coleman, 516 So.2d at 874. However, in the instant case, the trial court sentenced the appellant to a term that exceeded the maximum permitted by statute. Thus, on the authority of Pugh v. State, 536 So.2d 99
(Ala.Cr.App. 1986), we must remand this case so that a new sentence may be imposed.
The appellant received a fair trial. Accordingly, the judgment of the trial court is hereby affirmed. However, for the reason discussed in Part IV of this opinion, this case is remanded to the circuit court with instructions that the appellant be resentenced pursuant to the statutory guidelines in effect at the time of the offense as set out in §13A-5-6(a)(3), Code of Alabama 1975, and that a return be filed with this court within a time period not to exceed 90 days.
REMANDED FOR RESENTENCING.
All the Judges concur.