610 So.2d 1198 (1992)
Roosevelt TURNER
v.
STATE.
CR-90-1497.
Court of Criminal Appeals of Alabama.
August 21, 1992.
Rehearing Denied October 23, 1992.
Certiorari Denied December 11, 1992.
*1199 William J. Willingham, Talladega, for appellant.
James H. Evans, Atty. Gen., and Jack W. Willis, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 1920187.
MONTIEL, Judge.
The appellant, Roosevelt Turner, received a 21-year sentence under the Alabama Habitual Felony Offender Act, § 13A-5-9, Code of Alabama 1975, for his conviction for criminal possession of a forged instrument in the second degree, pursuant to § 13A-9-6, Code of Alabama 1975. The appellant raises four issues on appeal.

I
The appellant first contends that the trial court erred in denying his motion for a directed verdict and in denying his motion to exclude the State's evidence. This contention is meritless.
The motions made by counsel for the appellant at the close of the State's case and renewed at the conclusion of the appellant's case were, "Judge, we would move to exclude the State's evidence and we move for a directed verdict for the Defendant in this matter." Apparently, the purpose of these motions was to contest the sufficiency of the State's evidence in establishing its burden of proof, although no specific grounds were stated by the appellant's counsel to support the granting of the motions.
In his brief, the appellant specifically contends that, although he was charged and convicted of violation of § 13A-9-6, Code of Alabama 1975, which prohibits the possession of a forged instrument, the testimony received at trial that the appellant signed the back of the check, actually is evidence of forgery in the second degree, a violation of § 13A-9-3, Code of Alabama 1975. However, this court has determined that issues as to a variance between the indictment and proof and the sufficiency of the evidence to support a conviction are not preserved for review where they are not raised at trial. Daniels v. State, 523 So.2d 517 (Ala.Crim.App.1987).
The appellant also contends that the State's evidence clearly shows confusion as to the identity of the person who had possession of the forged instrument for which the appellant was convicted. However, it is a well-settled rule of this court that a claim that the State failed to produce sufficient evidence to sustain a conviction cannot be heard on appeal where no objection was made at trial. Sloan v. State, 574 So.2d 975 (Ala.Cr.App.1990); Slater v. State, 575 So.2d 1208 (Ala.Cr.App.1990), cert. denied, 575 So.2d 1211 (1991).

II
The appellant next contends that the trial court erred by allowing into evidence *1200 several checks confiscated from his automobile, which were nearly identical to the check the appellant was convicted of illegally possessing. This contention also lacks merit.
At trial, a hearing was held outside the presence of the jury concerning the introduction of the other checks found in the appellant's automobile. The arresting officer testified that, although he did not see the appellant in possession of the other checks, he did see the appellant bend over in his automobile, apparently to put something under the seat.
Moreover, all of the confiscated checks, including the one that led to the appellant's conviction, originated from the same source, Baptist Hospital. Likewise, all of the checks were nearly identical in appearance.
As a general rule, evidence of collateral crimes is not admissible as substantive evidence to establish the guilt of the accused of a particular crime. C. Gamble, McElroy's Alabama Evidence, § 69.01(b) (3d ed. 1977). However, the State offered the existence of the other similar checks to show the plan, intent, motive, or design of the appellant, which is an exception to the above general exclusionary rule.
This court has ruled that in a prosecution for receiving stolen property in the first degree, evidence that other stolen vehicles had been found at the defendant's shop was properly admitted on the issues of guilty knowledge, criminal intent, and to show a plan, scheme, or system. Sherer v. State, 462 So.2d 991 (Ala.Crim.App.1984). Moreover, in a case factually similar to case, this court ruled that the State's evidence that the defendant had drawn other unauthorized checks in addition to those for which he was being prosecuted was admissible to show a single plan, design, scheme, or system, to show the defendant's knowledge and criminal intent, and to negate any other intent. Averette v. State, 469 So.2d 1371 (Ala.Crim.App.1991).

III
Next the appellant contends that the trial court erred in admitting State's exhibit no. 1, the forged instrument confiscated from the appellant, because, he argues, the State failed to prove a proper chain of custody. Essentially, the argument concerns testimony which showed that assistant store manager John Bucannon confiscated the appellant's check and kept it until the police arrived. The appellant specifically contends that the chain of custody for the check was broken when the State failed to offer any evidence as to what happened to the check while it was in Bucannon's possession before the police took control of the check.
This court has established that the State "need only prove to a reasonable probability that the object is in the same condition as, and not substantially different from, its condition at the commencement of the chain." Sommer v. State, 489 So.2d 643, 645 (Ala.Cr.App.1986). Moreover, the "evidence need not negate the most remote possibility of substitution, alteration, or tampering of the evidence." Slaughter v. State, 411 So.2d 819, 822 (Ala.Cr.App.1981). We conclude that the State established a proper chain of custody.
Ms. Johnnie Hollis testified that she was working at the 3-B Food Store on the day the appellant entered with a check from Baptist Hospital Financial Services. As she rang up his purchase, she recognized that the check was stolen and handed it back to the appellant. The appellant then folded his arms around the check to obscure her view of what he was writing on it, and then Ms. Hollis reported the appellant to Mr. Bucannon. During the questioning at trial, Ms. Hollis was asked to look at State's exhibit no. 1, and she subsequently identified it as the check the appellant had attempted to cash.
Ms. Hollis also testified that Mr. Bucannon took the check from the appellant and informed him that it was stolen, that he was going to keep it for the police, and that the police were outside. She further testified that the appellant walked outside without the check.
Officer Davis testified that he had seen the appellant at the food store, that he saw *1201 the appellant engaged in conversation with Bucannon, and that he then witnessed the appellant leave the store just before arresting him. Davis further testified that he recognized State's exhibit no. 1 as being in the same condition at trial as it was in when he took it into custody. A review of the record indicates that the State established a sufficient chain of custody of the check confiscated by Bucannon at the food store. See Ex parte Jones, 592 So.2d 210 (Ala.1991).

IV
The appellant finally contends that the Alabama Habitual Felony Offender Act, § 13A-5-9, Code of Alabama 1975, under which the appellant was sentenced to 21 years imprisonment, is unconstitutional under the laws of the United States and the State of Alabama. This contention is also meritless.
The appellant specifically contends that the imposition of the 21-year sentence pursuant to the statute constitutes cruel and unusual punishment. However, this court has ruled on various occasions that the statute does not impose cruel and unusual punishment even in cases where life imprisonment without the possibility of parole is imposed. Burke v. State, 478 So.2d 6 (Ala.Cr.App.1985), rev'd on other grounds, Turner v. State, 584 So.2d 925 (Ala.Cr.App.1991). Moreover, the federal courts have ruled that the statute is not prohibited by the Eighth Amendment. Seritt v. Alabama, 731 F.2d 728 (11th Cir.), cert. denied, 469 U.S. 1062, 105 S.Ct. 545, 83 L.Ed.2d 433 (1984).
The appellant additionally argues that the mandatory provisions of the statute deny the trial court discretion in sentencing and thus deprive the appellant of his due process rights. The appellant also contends that the statute as applied to the appellant punishes him for past conduct, in violation of the Constitution's provisions against ex post facto laws. This court has ruled, however, that § 13A-5-9 does not violate the due process clause and is not an ex post facto law. Thomas v. State, 435 So.2d 1319 (Ala.Cr.App.1981), rev'd on other grounds, 435 So.2d 1324 (Ala.1982). Moreover, the statute is not unconstitutional because it retroactively imposes additional punishment for offenses previously committed. Jackson v. State, 440 So.2d 1181 (Ala.Cr.App.1983).
Finally, the appellant contends that a prior drug offense cannot be used to enhance the sentence for a non-drug offense. However, the court has established that the statutory language "previously convicted of any felony," means that all prior felony convictions come within the purview of the statute, regardless of their origin. Gibson v. State, 555 So.2d 784, 798-799 (Ala.Cr.App.1989), citing Long v. State, 446 So.2d 658, 660 (Ala.Cr.App.1983).
Moreover, in Seritt, this court was affirmed by the Eleventh Circuit Court of Appeals and certiorari review was denied by the United States Supreme Court in our holding that the appellant, who had been convicted of robbery, was correctly sentenced under the Alabama Habitual Felony Offender Act after the State had proved that the appellant had five prior felony convictions. Section 13A-5-9 is constitutional in all respects. Herring v. State, 563 So.2d 33 (Ala.Cr.App.1990). The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.
TAYLOR, J., concurs specially with opinion.
TAYLOR, Judge, concurring specially.
While I concur with the decision of the majority to affirm the judgment in this case, the standard used in part III for establishment of a sufficient chain of custody is incomplete. The standard to be used is set forth by the Alabama Supreme Court in Ex parte Holton, 590 So.2d 918, 920 (Ala.1991), as follows:
"In order to show a proper chain of custody, the record must show each link and also the following with regard to each link's possession of the item: `(1) [the] receipt of the item; (2) [the] ultimate disposition of the item, i.e., transfer, *1202 destruction, or retention; and (3) [the] safeguarding and handling of the item between receipt and disposition.'"
This court is required to follow the decisions of the Alabama Supreme Court. Section 12-3-16, Code of Alabama 1975.