TAYLOR, Judge.
The appellant, Rick Mayes, was convicted of kidnapping in the second degree and of robbery in the third degree, violations of § 13A-6-44 and § 13A-8-43, Code of Alabama 1975, respectively. Under the Habitual Felony Offender Act, § 13A-5-6, Code of Alabama 1975, he was sentenced to life imprisonment for the kidnapping and to 15 years in prison for the robbery, both sentences to run concurrently.
The appellant contends that because of an alleged violation of the Uniform Mandatory Disposition of Detainers Act (UMD-DA), §§ 15-9-80 through -88, Code of Alabama 1975, the circuit court lost jurisdiction over his ease. He asserts that the circuit court lost jurisdiction when it failed to hold his trial within 90 days after he filed a motion for a speedy trial.
On June 27, 1991, the appellant moved for a speedy trial. At that time, he was serving a sentence for a conviction of theft of property in Colbert County, Alabama. That same day a “certificate of inmate status” form was filed indicating that no detainers were lodged against him. Ninety days later, the appellant filed for a dismissal of the current charges in Lawrence County.
“Alabama’s Uniform Mandatory Disposition of Detainer’s Act provides for both the interstate and intrastate disposition of detainers.’’ Turner v. State, 584 So.2d 925, 931 (Ala.Cr.App.1991).
The appellant claims that his not being tried within 90 days of his motion violated the provisions of § 15-9-84, Code of Alabama 1975. That section states:
“Within 90 days after the receipt of the request and certificate by the court and district attorney or within such additional time as the court for good cause shown in open court may grant, the prisoner or his counsel being present, the indictment, information or complaint shall be brought to trial; but the parties may stipulate for a continuance or a continuance may be granted on notice to the attorney of record and opportunity for him to be heard. If, after such a request, the indictment, information or complaint is not brought to trial within that period, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment, information or complaint be of any further force or effect, and the court shall dismiss it with prejudice.”
If we were to rely on § 15-9-84 alone, as the appellant would have us do, this case should probably have been dismissed for lack of jurisdiction. However, this section is only part of the UMDDA. The provisions of the UMDDA apply only when a detainer has been filed against a prisoner held in a different jurisdiction. The purpose of this act, as set forth in the legislation enacting the UMDDA, is as follows:
“To provide that Alabama enter into the Interstate Agreement on Detainers Act, with other member-states, which promotes cooperation between the several states to secure a speedy trial of persons already incarcerated in other jurisdictions by the expeditious and orderly disposition of all detainers based on untried indictments, information or complaints; and to further provide for the uniform mandatory disposition of detain-ers so as to prescribe the manner and procedures for release of detainers available to incarcerated persons against whom there is pending untried indictments, information or complaints.”
*1330 1978 Ala. Acts 693, No. 590 (April 27, 1978) (emphasis added).
The reasoning in the UMDDA by its own language applies only to detainers. One state, by judicial fiat, extends the Act in circumstances where there is no detainer. However, the dissent in that case by two judges seems much more reasonable to us. People v. Campbell, 742 P.2d 302 (Colo.1987). “What evidence there is of the history of the Act indicates that it was intended solely to provide a remedy for the widespread abuse of detainers. The scope of the Act may be determined in the first instance, of course, by its restrictive title.” Campbell, 742 P.2d at 312.
There were no detainers on the appellant’s record when he filed his motion for a speedy trial; therefore, the UMDDA is not applicable here. Burke v. State, 478 So.2d 6 (Ala.Cr.App.1985), overruled on other grounds, Turner, supra. The circuit court had jurisdiction over the appellant’s case, and its judgment is due to be affirmed.
AFFIRMED.
All the Judges concur.
BOWEN, J., concur in result only.