The appellant, Archie Slater, appeals from the summary denial of his petition for post-conviction relief filed pursuant to Rule 32, A.R.Crim.P.
The appellant presented several grounds for relief in his petition. The appellant argued that there was insufficient evidence to find him guilty of sodomy and that his counsel's performance was ineffective in failing to object to the state's failure to prove the victim's age. He also argued in his petition that he had received ineffective assistance of counsel because, he says, the state presented, without objection, evidence of sexual misconduct between the victim and the appellant in Wilcox County (the offense with which he was charged occurred in Dallas County) and because, he says, his counsel failed to force the state to elect which incident of sexual misconduct it was prosecuting him for.
On the basis of the ground relating to the sufficiency of the evidence, the trial court correctly denied the petition pursuant to Rule 32.2(a)(4), A.R.Crim.P., because that issue was addressed by this court on direct appeal in Slater v.State, 575 So.2d 1208 (Ala.Cr.App. 1990), writ denied as prematurely filed, 575 So.2d 1211 (Ala. 1991). This court on direct appeal addressed the issue concerning the victim's age, even though that issue had not been preserved for review. Therefore, counsel's performance was not ineffective for failing to object to this issue. Thus, the circuit court correctly decided this issue adversely to the appellant. Rule 32.2(a)(4), A.R.Crim.P.
However, when denying the petition, the circuit court failed to specifically rule on the appellant's contentions that his counsel's performance was ineffective in failing to object to collateral instances of sexual misconduct presented at trial and in not requiring the state to elect. Further, these allegations are stated in the petition with sufficient specificity to merit a hearing.
 "If the court knows that these allegations are without factual foundation, then that must be so stated by the court as the grounds relied on for the denial. Thus, '[w]ithout ruling on the truth or substance of the allegations, we conclude that the petitioner is entitled to an evidentiary hearing at the trial court level.' Watson v. State, 451 So.2d 373, 374 (Ala.Cr.App. 1984)."
Pitts v. State, 605 So.2d 1253, 1254 (Ala.Cr.App. 1992).
This cause is remanded to the Circuit Court for Dallas County for an evidentiary hearing on these allegations of ineffective assistance of counsel cited above concerning counsel's failure to object to collateral instances of sexual misconduct and counsel's failure to require the state to elect which incident it was prosecuting the appellant for. The circuit court "shall make specific findings of fact relating to each material issue of fact presented." Rule 32.9(d), A.R.Crim.P. Due return should be filed in this court no later than 30 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur. *Page 1314