ON RETURN TO REMAND

TAYLOR, Judge.
The appellant, Archie Slater, appealed the summary denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala. R.Crim.P. We remanded this cause to the Circuit Court for Dallas County so that that court could hold a hearing on the appellant’s allegations of ineffective assistance of counsel and then file with this court its findings of fact. Slater v. State, 672 So.2d 1312 (Ala.Cr. App.1993).
The court held a hearing and made the following findings:
“This Court specifically finds, pursuant to instructions from the Alabama Court of Criminal Appeals, as to the issues of ineffective assistance of counsel for failure to object to collateral incidences of sexual misconduct and failure to require the State to elect which count the defendant was being prosecuted for, that defendant’s counsel was not ineffective and in fact, was most diligent in his preparation and trial of this case. Defense counsel, Mr. Williams, tried his case with great skill and vigor and followed his trial plan with expertise. This ease dictates judicial [notice] that this case was hard fought and well tried by both sides, and the issue was clearly presented to the jury as to whether or not they felt that the State’s witness, the victim in the case, was reliable and believable as to the assertions that he made concerning the misconduct of the defendant. The defense counsel was also most diligent and competent in his presentation of one of the biggest issues in the entire case which surrounded the statute of limitations. In presentation to both the Court and the jury, this issue was pressed hard by defense counsel and well argued.
“As to the defense being required to elect which count he was to be prosecuted for, the Court notes that there is but a single count in the indictment and defense counsel would be unable to bring any motion for election on a single count indictment. As to defense counsel suppressing or objecting to collateral incidences of sexual misconduct with this same victim, the *1315 Court finds that such testimony was 1) proper, as showing a general plan, scheme, intent with this defendant, and further the defense counsel was not incompetent in permitting such testimony as it would fit his overall plan to attack the victim by giving him latitude by which to impeach himself showing poor knowledge and confusion as to places, times and dates, which proved to be the case in the course of the trial. The Court notes that defense counsel was most diligent in limiting the testimony concerning prior involvement to the victim himself and individuals who were with him and present during such times. The Court feels that other incidences of misconduct by the defendant were testified to by the victim and involved incidences whereby he was present with the defendant and other individuals were present. Once again, the Court would find that such matters were consistent with defense counsel’s plan for trying the case and admissible concerning the overall intent and plan of conduct that the defendant had with this particular victim. In this ease, clear issues were presented and direct attacks made upon the State’s case by defense counsel. The jury was very competently presented the factual matters they had to decide and decided them against the defense.”
(Emphasis added.)
The above emphasized portion, however, does not address the appellant’s contention. It is true that the appellant was indicted under one count of sodomy. However, the state presented numerous instances of sodomy in its case-in-chief. See Slater v. State, 575 So.2d 1208 (Ala.Cr.App.1990), writ denied as prematurely filed, 575 So.2d 1211 (Ala.1991). The appellant contends that his counsel’s performance was ineffective for not forcing the state to elect which instance of sodomy they were prosecuting him for. As this court has stated:
“In Deason v. State, 363 So.2d 1001 (Ala.1978), the Alabama' Supreme Court condemned the state’s practice of charging in a one-count indictment a single offense and then presenting evidence of different offenses that arose out of separate transactions. In addressing the issue of election, the Court wrote as follows:
“Tn Watkins v. State, 36 Ala.App. 711, 63 So.2d 293 (1953), Judge Harwood summed up the requirement:
“‘“The doctrine of election operates to protect a defendant from being prosecuted for more than one offense in the same count of an indictment. Where the evidence discloses two or more offenses growing out of distinct and separate transactions, a court should grant a timely motion to require the state to elect.” (citations omitted)
“ ‘... [The appellant’s] timely motion to that effect should have been granted, and the failure to grant it was reversible error.
‘Deason, 363 So.2d at 1006.
“This court has also addressed the issue of election in Reed v. State, 512 So.2d 804 (Ala.Cr.App.1987). In reversing Reed’s conviction, we held that:
‘“The state was, in the case at bar, clearly attempting to submit several different incidents to the jury without specifying upon which incident a conviction was sought. The record reveals that the jury was never instructed as to exactly which act or incident was to be considered in their determination of guilt. There was no guidance or explanation given, whatsoever, to the jury regarding the purpose of the admission of these five incidents. Indeed, it is unclear upon which incident their conviction was based.’
“Reed, 512 So.2d at 809. (Emphasis in the original.)”
McMahan v. State, 607 So.2d 1288, 1289 (Ala.Cr.App.1992).
Because the court in its order made no findings in this regard we are compelled to remand this cause again to the Circuit Court. for Dallas County so that that court can make findings of fact concerning this allegation. Due return should be filed in this court *1316 no later than 28 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.