ON SECOND RETURN TO REMAND

TAYLOR, Presiding Judge.
The appellant, Archie Slater, ivas convicted of sodomy in the second degree, a violation of § 18A-6-64, Code of Alabama 1975. In 1993 the appellant filed a post-conviction petition, pursuant to Rule 32, Ala. R.Crim.P., attacking his conviction. He now appeals from the court’s denial of his petition. We remanded this case, to the Circuit Court for Dallas County so that that court could hold a hearing on the appellant’s allegations in his petition of ineffective assistance of counsel and file with this court its findings of fact. Slater v. State, 672 So.2d 1312 (Ala.Cr.App.1993). We again remanded this case in Slater v. State, 672 So.2d 1314 (Ala.Cr.App.1994), so that the court could address the appellant’s contentions of ineffective assistance of counsel concerning the failure of. trial counsel to object to the state’s failure to elect an incident of sexual misconduct for prosecution and the receipt into evidence of evidence of collateral instances of sexual misconduct.
The trial court has filed the following order on return to remand:
*1317 “This matter was before the Court on the Defendant’s petition for relief from conviction under Rule 32 of the Alabama Rules of Criminal Procedure. The Defendant complains that he was denied effective assistance of counsel by failure of his trial counsel to object to collateral instances of sexual misconduct presented by the State during his trial and also the failure of his defense counsel to request the State to elect which incident of sexual misconduct he was being prosecuted for. The Defendant was convicted of Sodomy, 2nd degree. During the trial, evidence was presented of other incidents of sexual contact between the victim and others and the Defendant. The Defendant’s attorney at trial did not object to all those incidents. The defense counsel did file motions in limine regarding these matters which were denied by the trial court. Defense counsel stated that part of his trial strategy was to show that the victim was inconsistent in his statements and testimony and that his testimony in these matters would tend to show his unreliability. In addition, it is the Court’s opinion that the matters that were presented at trial would have been admissible by the State to show motive or a common plan or scheme.
“Having reviewed the transcript and the testimony presented, the Court finds that the Defendant was not denied effective assistance of counsel but instead was represented by very competent and able counsel who did all that the law required of him in defending the Defendant. The Court further finds that the reasons given for defense counsel’s failure to object to these matters were valid and overcome any inference that the Defendant was denied effective assistance of counsel. Accordingly, the Defendant’s petition for relief under Rule 32 is hereby denied.”
(Emphasis added.)
If it were made to appear that the evidence of earlier sexual misconduct with persons other than this victim was received, then failure to object to such evidence could not be rationalized as an effort to show inconsistencies in this victim’s statements.
The purported “common scheme or design” rationale for receiving evidence of previous crimes does not fit in this case. The “common scheme or design” in this case appears to have been no more than a general sexual drive or desire. If it applied here, the common scheme or design exception would fit every case and would do away with the general rule that excludes evidence of crimes not charged in the indictment. See C. Gamble, McElroy’s Alabama Evidence, § 69.01 (4th ed. 1991). “The basis for the rule lies in the belief that the prejudicial effect of prior crimes will far outweigh any probative value that might be gained from them.” McEl-roy’s Alabama Evidence, § 69.01.
We must again remand this case to the Circuit Court for Dallas County for that court to make findings concerning the earlier incidents of sexual misconduct, reflecting the date the incidents occurred, the circumstances of the earlier crimes, and what, if anything, about them caused the court to consider those incidents, and the incident that is the basis of the charge here. Due return should be filed in this court no later than 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.