ON THIRD RETURN TO REMAND

TAYLOR, Presiding Judge.
The appellant, Archie Slater, appealed the denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P. We remanded this case to the Circuit Court for Dallas County so that that court could hold a hearing on the appellant’s allegations of ineffective assistance of counsel and then file with this court its findings of fact. Slater v. State, 672 So.2d 1312 (Ala.Cr.App.1993). After the court filed its findings with this court, we again remanded this ease so that the court could address the appellant’s contentions of ineffective assistance of counsel, specifically the alleged failure of trial counsel to object to the state’s failure to elect a count to prosecute and the admission of evidence of collateral instances of sexual misconduct. Slater v. State, 672 So.2d 1314 (Ala.Cr.App.1994). We remanded this case yet again so that the trial court could make necessary findings concerning the earlier incidents of sexual misconduct. Slater v. State, 672 So.2d 1316 (Ala.Cr.App.1995).
The trial court has filed the following order on this third return to remand:
“After reviewing the file and the earlier decisions by the Court of Criminal Appeals it appears that there are two issues which need to be addressed. First, the failure of the Defendant’s attorney to object to collateral instances of sexual misconduct and two, the failure of defense counsel to require the State to elect which count for which it was prosecuting the Defendant. In this order the Court addresses those issues in inverse order.
“The Defendant says that he was rendered ineffective assistance of counsel because his trial counsel did not force the State to elect which count he was being prosecuted for. There was but one count in the indictment, that charging the Defendant with Sodomy, 2nd degree. The Court of Criminal Appeals pointed out in its October, 1994, opinion that this Court should make findings in this case because the State attempted to submit several different incidents to the jury without specifying upon which incident conviction was sought and that the jury should have been instructed as to exactly which act or incident was to be considered in their determination of guilt. The transcript from the trial should clearly show whether this occurred or not. The evidence presented by the Defendant at the hearing before this Court showed three different incidents testified to by the victim. Only one incident of Sodomy by the Defendant toward the vie- *1319 tim occurred in Dallas County. That incident was testified to have occurred at a Mr. Dozier’s house somewhere between Selma and Orrville in Dallas County. At that incident the victim testified that the Defendant sucked his penis. The only other incident that occurred in Dallas County was the one that was testified as occurring in Orrville. However, the victim said that the only thing that occurred with him was a touching or rubbing which he was forced to do on the Defendant. The other incident occurred in Wilcox County in the Gullett Bluff Park area. Clearly of these three instances, only the one that was testified to as occurring at Mr. Dozier’s house could have been the basis of the charge in the indictment. The one in Wilcox County clearly could not have been the basis for [the] charge in Dallas County nor could the touching or rubbing that occurred in the Orrville Community have been the basis of the Sodomy charge because Sodomy requires deviate sexual intercourse and not mere sexual contact. It appears clear to this Court that there is not much controversy as to which incident the State made the basis of the charge.
“The next area which the Court of Criminal Appeals required this Court to address is the failure of the defense counsel to object to the collateral instances. As stated above there were three occurrences testified about by the victim. Those were the occurrence in the Camden, Gullett Bluff Park, area of Wilcox County; that occurring in Orrville and the one made the basis of the indictment, the one occurring at Mr. Dozier’s house. In all three of these instances both the victim and the Defendant were present. In this Court’s opinion those matters were properly introduced into evidence showing a general plan, scheme, intent or motive on the part of the Defendant. In this Court’s opinion the common scheme or design in this case appears to be much more than just a general sexual drive or desire. These instances all included the victim and two other young men which the testimony showed he procured for the Defendant. In any event, the victim was present and participated in every instance as did the Defendant. It should be noted that no other instances of sexual misconduct were allowed into evidence and were, in fact, objected to. There appeared to be other instances not involving the victim which were not allowed into evidence. The Court also finds that the testimony by the victim regarding these matters fit trial counsel’s plan to attack the victim’s memory and to show his poor knowledge as to dates, times and places. It further fit with defense counsel’s plan to show that this incident occurred beyond the statute of limitations and upon the State’s alleged failure to prove the victim’s age at the time of the incident. As far as the date of those incidents it appears from the testimony that it all occurred while the victim was fifteen years old so they all occurred within a relatively short period of time.”
From the court’s detañed order, it is clear that the appellant’s petition for post-conviction was correctly denied.
AFFIRMED.
All the Judges concur.