I respectfully dissent. The error here — the variance between the indictment and the trial court's charge to the jury — amounted to a misdescription of an element of the offense that prevented the jury from rendering a "complete verdict" on every element of the offense. Such an error, although constitutional in nature, does not implicate the trial court's jurisdiction. See Neder v. United States, 527 U.S. 1,119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (an erroneous jury instruction, omitting an element of the offense charged in the indictment, was not a "structural error" and was therefore subject to harmless-error analysis). An error caused by an alleged variance between the indictment and the trial court's oral charge to the jury must be raised by specific objection in the trial court, or it is waived for purposes of further review. SeeBiddie v. State, 516 So.2d 846, 846-47 (Ala. 1987); Daniels v. State,523 So.2d 517, 518 (Ala.Cr.App. 1987); and Garrison v. State,521 So.2d 997, 1002 (Ala.Cr.App. 1986). Errors that can be waived are not jurisdictional. Accordingly, the error in the trial court's jury charge in Ash's case was subject to the grounds of preclusion contained in Rule 32, Ala.R.Crim.P. The circuit court's summary denial of Ash's Rule 32 petition was correct, therefore, because Ash's claim regarding the variance between the indictment and the trial court's jury charge could have been, but was not, raised at trial and on direct appeal, Rule 32.2(a)(3) and (5), Ala.R.Crim.P., and because Ash's petition was filed outside the two-year limitations period in Rule 32.2(c), Ala.R.Crim.P. Therefore, I must dissent.
Baschab, J., concurs.