WELCH, Judge,
dissenting.
I cannot agree with the majority’s holding in its unpublished memorandum that Anthony Ray Edwards failed to preserve for appellate review his claim that a material variance existed between the complaint and the proof presented at trial.[1] Therefore, I respectfully dissent.
The evidence in this case was presented ore tenus to the trial court.
“ ‘ “Where evidence is presented to the trial court ore tenus in a nonjury case, a presumption of correctness exists as to the court’s conclusions on issues of fact; its determination will not be disturbed unless clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence.” ’ ”
Ex parte Jackson, 886 So.2d 155, 159 (Ala.2004), quoting State v. Hill, 690 So.2d 1201, 1203 (Ala.1996), quoting in turn Ex parte Agee, 669 So.2d 102, 104 (Ala.1995). However, “the ore tenus rule does not extend to cloak a trial judge’s conclusions of law, or incorrect application of law to the facts, with a presumption of correctness.” Eubanks v. Hale, 752 So.2d 1113, 1144 (Ala.1999). “Questions of law are reviewed de novo.” Alabama Republican Party v. McGinley, 893 So.2d 337, 342 (Ala.2004). Likewise, a trial court’s application of law to the facts is reviewed de novo; “when the trial court improperly applies the law to the facts, no presumption of correctness exists .... ” Ex parte Agee, 669 So.2d at 104.
Edwards was convicted of one count of domestic violence in the third degree, a violation of § 13A-6-132, Ala.Code 1975.[2] The victim, Lisa Edwards, and the appellant were married to each other for 14 years and have one son. The majority summarizes the facts as follows in its unpublished memorandum.
“On the evening of October 3, 2004, Lisa Edwards was cooking in her kitchen when the appellant began to badger her about some furniture and personal belongings in the house. He followed Lisa from the kitchen to the pantry and blocked her reentry to the kitchen. When Lisa eventually got past the appellant, he chased her down the hallway and tried to follow her into the bathroom. Lisa’s hand was on the doorknob and she was attempting to close the door when the appellant shoved the door open. The bathroom door slammed into Lisa’s face, resulting in a split upper lip *1066 and the loosening of four front teeth. The injury ultimately required oral surgery and cosmetic replacement of the teeth.”
Edwards was charged by complaint as follows:
“Anthony Ray Edwards ... did ... commit the crime of assault 3rd degree (Section 13A-006-022, Code of Alabama 1975):
“With intent to cause physical injury to another person, cause physical injury to another person, to wit: Lisa Lynn Edwards, by chasing her down the hall, when she went to the bathroom and tried to close the door, he punched the door into her face, causing her to lose a tooth and have a root canal on another one .... ”
(R. 5.)
At the close of the State’s evidence, defense counsel moved for judgment of acquittal on the grounds that the State had failed to prove the element of intent. The State argued in response that Edwards had acted with intent, but regardless, that his conduct was “reckless in that he used such force opening that door.” (R. 92.) The trial court denied defense counsel’s motion, stating: “I don’t know about the intent, but I think there is recklessness here and I deny the motion.” (R. 103.) Defense counsel renewed his motion at the close of all evidence, and the trial court again denied it. The trial court then ruled: “I find him guilty because it was done recklessly.” (R. 152.)
Edwards filed a “Motion for a New Trial and Renewal of Motion for Judgment of Acquittal.” (CR. 19.) A hearing was conducted on the motion during which Edwards asked the trial court to reconsider its ruling on his motion for a judgment of acquittal noting that the trial court improperly found Edwards guilty because Edwards “was either reckless or negligent.” (R. 182.) Edwards argued that the State’s evidence was insufficient because it did not “overcome the presumption of innocence and prove [Edwards] guilty of a crime, not of negligence, not of being a reckless door pusher but of a crime.” (R. 182.) The trial court denied the motion, finding that “there was evidence of an assault.” (R. 191.)
Edwards argued on appeal that “there was not sufficient evidence to find [him] guilty of intentional assault, as charged in the complaint.” (Edwards’s brief at p. 23.) He argues that he “was charged only with a violation of Section 13A-6-22(a)(l), or intentional assault, and not with a violation of Section 13A-6-22(a)(2), or reckless assault.” (Edwards’s brief at p. 24.) He argues the trial court’s failure to find intent rendered the State’s case insufficient. He argued:
“Since the intentional assault charge against the defendant was the only charge, and since the Court indicated that he had doubt about the intent, and that he was finding the defendant guilty because it was done recklessly, it was clearly erroneous for the Court to deny the defendant’s motions, and find the defendant guilty. The Court had plainly concluded that the defendant’s actions were reckless, and not intentional, and his conclusions on that fact should be accepted.”
(Edwards’s brief at p. 26.)
The majority stated that Edwards claimed for the first time on appeal that there was a fatal variance between the indictment, which charged Edwards with intentional assault, and the trial court’s judgment finding him guilty of reckless assault. Thus, the majority ruled that this issue was not properly before this Court for appellate review, stating that “ ‘[t]his court has determined that issues as to a *1067 variance between the indictment and the proof ... are not preserved for review where they are not raised at trial.’ ” Biles v. State, 715 So.2d 878, 883 (Ala.Crim.App.1997) (holding that a motion for a judgment of acquittal will not preserve a contention relating to a variance between the indictment and proof and quoting Turner v. State, 610 So.2d 1198, 1199 (Ala.Crim.App.1992)).[3]
In Turner,
“[t]he motions made by counsel for the appellant at the close of the State’s case and renewed at the conclusion of the appellant’s case were, ‘Judge, we would move to exclude the State’s evidence and we move for a directed verdict for the Defendant in this matter.’ Apparently, the purpose of these motions was to contest the sufficiency of the State’s evidence in establishing its burden of proof, although no specific grounds were stated by the appellant’s counsel to support the granting of the motions.”
610 So.2d at 1199.
On appeal, Turner claimed that,
“although he was charged and convicted of violation of § 13A-9-6, Code of Alabama 1975, which prohibits the possession of a forged instrument, the testimony received at trial that the appellant signed the back of the check, actually is evidence of forgery in the second degree, a violation of § 13A-9-3, Code of Alabama 1975. However, this court has determined that issues as to a variance between the indictment and proof and the sufficiency of the evidence to support a conviction are not preserved for review where they are not raised at trial. Daniels v. State, 523 So.2d 517 (Ala.Crim.App.1987).”

Id.

“The purpose of an objection is to give the trial court notice of an alleged error and an opportunity to correct that error. A general objection based on the alleged failure of the State to present a prima facie case or sufficient evidence, without more, would suggest to a trial court an argument that the State has not established the elements of the offense .... ”
Marks v. State, [Ms. CR-06-0412, August 31, 2007]. Turner’s objection clearly did not apprise the trial court of his specific objection—that there was a variance between the indictment and the proof offered at trial.
In Daniels v. State, 523 So.2d 517, 518 (Ala.Crim.App.1987) (emphasis added), cited in Turner, this Court held:
“When an alleged variance between an indictment and proof is not brought to the attention of the trial court in any manner, the defect, if any, is waived. Sullivan v. State, 38 Ala.App. 340, 83 So.2d 259 (1955). Thus, this alleged error was not properly preserved for our review. Gilbert v. State, 410 So.2d 473 (Ala.Cr.App.1982).”
Here, Edwards objected at trial, arguing that the State’s evidence was insufficient because, he argues, the State had not proven the element of intent. Thus, the trial court was on notice of Edwards’s *1068 objection to the lack of a prima facie case. Edwards objected at the trial level to the trial court’s finding that the State had proven its case by presenting evidence that Edwards had recklessly committed assault. Edwards objected to this finding, arguing that he was charged with intentional, not reckless, assault. I believe that from the discourse, it is clear that the trial court was on notice as to Edwards’s objection to the existence of a material variance between the complaint and the proof presented.
Daniels stated that an objection concerning a variance between an indictment and proof may be brought to the “attention of the trial court in any manner.” Daniels, 523 So.2d at 518. “When the trial court understands the basis for defense counsel’s objection, a reviewing court should not be ‘too strict in its application of the waiver principle.’ ” Gamble v. State, 699 So.2d 978, 979 (Ala.Crim.App.1997) (quoting Ex parte Webb, 586 So.2d 954, 956 (Ala.1991)).
Therefore, based on the above, I believe that Edwards’s claim was preserved for appellate review.
Moreover, I believe the variance was material. Reckless assault, 13A-6-22(a)(2), and intentional assault, 13A-6-22(a)(1), are alternative methods of proving the offense of assault. “Proof of a violation of one subsection will not support a conviction where the defendant is charged with violating a different subsection. See Sturgeon v. City of Vestavia Hills, 599 So.2d 92, 94 (Ala.Cr.App.1992).” Stone v. City of Huntsville, 656 So.2d 404, 413 (Ala.Crim.App.1994) (discussing five subsections of § 32-5A-191(a), Ala.Code 1975). Therefore, I believe the conviction is due to be reversed.[4]

. Black’s Law Dictionary defines “variance” as: “A difference or disparity between two statements or documents that ought to agree; esp., in criminal procedure, a difference between the allegations in a charging instrument and the proof actually introduced at trial.” Black's Law Dictionary 1588 (8th ed.2004). “Fatal variance” is defined as: “A variance that either deprives the defendant of fair notice of the charges or exposes the defendant to the risk of double jeopardy.” Id. “Immaterial variance” is defined as: “A variance that is too slight to mislead or prejudice the defendant and is thus harmless error.” Id.

. He was sentenced to six months' imprisonment; that sentence was split, and he was ordered to serve 14 days, followed by one year's probation.

. The majority also cited Rule 15.2, Ala. R.Crim. P., which states that any objection based upon defects in the commencement of the proceeding or in the charge, other than lack of subject-matter jurisdiction or failure to charge an offense, must be raised by pretrial motion as provided in Rule 15.3, Ala. R.Crim. P. However, a variance between the indictment and proof presented during the trial cannot be raised before trial.

. It was not discussed at trial, but I note that the indictment could not be amended because Rule 13.5(a), Ala. R.Crim. P., prohibits amending an indictment “to change the offense or to charge new offenses not contemplated by the original indictment.”